■ In the Matter of ANDREW GERZEL, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Blyn, J.), entered December 11, 1984, which denied petitioner's motion for leave to file a late notice of claim, reversed, on the law, the facts, and in the exercise of discretion, and the motion is granted, without costs.

On November 4, 1983, at approximately 4:25 P.M., the 74-year-old petitioner Andrew Gerzel fell while descending the steps of the city-owned premises at 19 Fulton Street in Manhattan by reason of an alleged discrepancy in the height of the risers of the steps. He sustained a fracture of his left lower arm. Petitioner reported the accident to an unnamed employee of the premises. A Sergeant Howel took two photographs of the steps, as witnessed by one Willie Williams, and

an unidentified individual took Gerzel's statement and completed a report the same day. Apparently, the report was thereafter kept on file by the manager of the premises. On July 3, 1983, seven months after the accident, petitioner, by his attorney, served a verified notice of claim upon the office of the Comptroller. Upon disallowance of the claim, petitioner moved for leave to file a late notice of claim pursuant to General Municipal Law § 50-e. Difficulty in ascertaining ownership of the premises, which had various shops, a restaurant, a cafe, and the South Street Seaport Museum, was the primary reason given for failure timely to file the notice of claim. Special Term denied the motion, holding that the city lacked actual notice of the essential facts constituting the claim. The court noted that the accident report relied upon to establish actual notice lacked any reference to a claimed defect or marked discrepancy in the height of the risers of the steps.

Our evaluation of the facts and circumstances in this personal injury action leads us to conclude that Special Term improvidently exercised its discretion in denying petitioner an opportunity to have his claim adjudicated on the merits. We reverse to grant the motion. General Municipal Law § 50-e empowers the courts to evaluate requests for relief from the 90-day filing requirement by striking an " 'equitable balance * * * between a public corporation's reasonable need for prompt notification of claims against it and an injured party's interest in just compensation.' " *(Heiman v City of New York,* 85 AD2d 25, 28 [1st Dept 1982], quoting *Camarella v East Irondequoit Cent. School Bd.,* 34 NY2d 139, 142-143 [1974].) The statute, General Municipal Law § 50-e (5), directs the courts to consider "in particular, whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim" within the 90-day filing period or a reasonable time thereafter. Other relevant factors include the reason for the delay and whether the delay substantially prejudiced the public corporation's ability to defend on the merits. The only legitimate purpose served by section 50-e is to protect the public corporation against spurious claims and to assure it "an adequate opportunity * * * to explore the merits of the claim while information is still readily available." *(Teresta v City of New York,* 304 NY 440, 443 [1952]; *see also, Matter of Beary v City of Rye,* 44 NY2d 398, 412 [1978].)

It is manifest on the record that the city acquired actual knowledge of the essential facts constituting the claim by reason of the accident report and photographs. *(Innes v County of Genesee,* 99 AD2d 642, 643 [4th Dept 1984]; *Flynn v City of*

*Long Beach,* 94 AD2d 713, 714 [2d Dept 1983]; *see also, Caselli v City of New York,* 105 AD2d 251, 256 [2d Dept 1984].) The report sets forth the date, time and place of the alleged accident, the manner in which the injuries occurred and the nature of the injury. It reflects petitioner's statement the he "did not see the (2) step." The photographs clearly sufficed to apprise the city of the alleged negligence involved, a defective and dangerous condition of the steps. They may be used to prove constructive notice of an alleged defect since they were taken reasonably close to the time of the accident. *(See, Karten v City of New York,* 109 AD2d 126, 127 [1st Dept 1985].) The accident report and the photographs taken sufficiently connected the accident and the alleged defective condition in the steps. *(Compare, Fox v City of New York,* 91 AD2d 624 [2d Dept 1982].)* The fact that the report was apparently filed on the premises where the accident occurred, rather than with the Police Department, is, in the circumstances, not significant.

Another relevant factor is the excuse for the delay in giving notice. Petitioner's affidavit and his attorney's affirmation allege that they mistakenly assumed the Rouse Corporation owned the premises, given its commercial appearance. Four months after petitioner retained him in January 1984, petitioner's attorney attempted to ascertain the true owner, and immediately served a notice of claim when the record abstract report came to his attention. While petitioner's explanation for the seven-month delay involved here is troublesome, the presence or absence of any one factor under section 50-e is not necessarily determinative. Rather, all facts and circumstances should be considered. *(Matter of Cicio v City of New York,* 98 AD2d 38, 39 [2d Dept 1983].)

Counsel's failure to present a more reasonable explanation is without significance given the existence of actual notice and the city's failure to show substantial prejudice by the late notice. *(Rechenberger v Nassau County Med. Center,* 112 AD2d 150, 153 [2d Dept 1985].) The record reveals that petitioner, upon returning to inspect the steps within the 90-day filing period, discovered that the risers were repaired. Indeed, on January 12, 1984, two months after the accident, petitioner photographed the steps as repaired. Respondent fails to demonstrate substantial prejudice from the delay in filing the notice of claim in light of these repairs. Even a timely filed notice, on the usual form, served after the repairs, but well within the 90-day period, would not have enabled the city to perform an inspection of the steps in their original condition.

The information available now is substantially the same as it would have been had a timely notice of claim been filed. *(Rechenberger v Nassau County Med. Center, supra.)* In any event, we believe respondent will encounter little difficulty in reconstructing the events of November 4th. There is a complete record of the facts underlying petitioner's tort claim. Concur—Sandler, J. P., Sullivan and Rosenberger, JJ.

Lynch, J., dissents in a memorandum as follows: I would affirm for the reasons stated by Special Term. I add only that I expressly dispute the majority's pivotal conclusion that "[i]t is manifest on the record that the city acquired actual knowledge of the essential facts constituting the claim by reason of the accident report and photographs". A photograph showing steps with risers of varying height gives neither actual nor constructive notice of a claim that an accident was caused by the varying height when the report accompanying the photograph states:

"5. If [accident was] caused by any unusual conditions, defects, foreign objects, please describe fully: NONE

"6. Description of Accident: MR. ZERZEL *[sic]* FELL COMING OUT CANNON'S WALK—MISSED THE (2) STEP * * *

"15 * * * Any defects in Floor or Surface NONE * * *

"18. Injured person's statement on accident. MR. ZERZEL SAY *[sic]* HE WAS WALKING OUT OF CANNON'S WALK AND DID NOT SEE THE (2) STEP".