■ In the Matter of GREGORY SCHEPPER et al., Appellants, v COUNTY OF ORANGE, Respondent.—In a negligence action, the plaintiffs appeal from so much of an order of the Supreme Court, Orange County (Ritter, J.), dated March 28, 1985, as denied that branch of so much of their motion which was for leave to amend the notice of claim to assert that the defendant recklessly, carelessly and negligently maintained a rock garden on the roadway where the accident in question took place.

Order reversed insofar as appealed from, without costs or disbursements, and that branch of the plaintiffs' motion which was for leave to amend the notice of claim to assert that the defendant recklessly, carelessly and negligently maintained a rock garden on the roadway where the accident took place granted. The plaintiffs' proposed amended notice of claim is deemed served.

The instant action was brought, *inter alia,* to recover damages for personal injuries sustained by the infant plaintiff who was a passenger in an automobile which went out of control on a slippery roadway. The vehicle left the highway and struck an object which caused it to overturn, strike another vehicle and a house. At a hearing pursuant to General Municipal Law § 50-h, it was demonstrated that the location of the accident, as set forth in the police report and notice of claim, was incorrect. The plaintiffs moved for leave to amend the notice of claim so as to include the correct accident site and an allegation of negligence in the ownership and maintenance of a rock garden on the edge of the roadway. Since the county had been able to ascertain the precise location of the accident and conduct an investigation, the court, based upon a lack of prejudice, allowed amendment as to the location. However, leave to amend was denied as to the rock garden, because the plaintiffs did not allege "a valid excuse" for the failure to assert such claim.

We conclude that the amendment including the allegation with respect to the rock garden should have been permitted.

General Municipal Law § 50-e (6) provides for the correction of a notice of claim when "the mistake, omission, irregularity or defect [was] made in good faith, and * * * the public

corporation was not prejudiced thereby" *(Caselli v City of New York,* 105 AD2d 251, 254). Here, the plaintiffs' original mistake in the notice of claim was based upon their reliance on the police report which indicated the incorrect accident location. Despite that good-faith error, the description in the notice of claim enabled the county to locate the actual accident site and to take pictures thereof. Therefore, the county had knowledge of the appearance of the area as well as the terrain and location of the alleged rock garden. Under such circumstances, the amendment seeking to include the rock garden in the notice of claim would not prejudice the defendant *(see, Evers v City of New York,* 90 AD2d 786). Niehoff, J. P., Rubin, Kunzeman and Spatt, JJ., concur.