■ CHRISTOPHER CASTRO, an Infant, by His Father and Natural Guardian, ALFRED CASTRO, Appellant, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lerner, J.), dated January 9, 1987, which denied his motion for leave to serve an amended notice of claim and granted the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Motions for leave to amend a notice of claim to correct a mistake are addressed to the sound discretion of the court and may be granted provided that the mistake was made in good faith and that the other party was not prejudiced thereby (General Municipal Law § 50-e [6]; *Fendig v City of New York,* 132 AD2d 520; *Matter of Malla v City of New York,* 129 AD2d 580, *lv dismissed* 70 NY2d 796; *Martire v City of New York,* 129 AD2d 567, *lv denied* 70 NY2d 609; *Caselli v City of New York,* 105 AD2d 251). At bar, the plaintiff seeks leave to amend the notice of claim to correct a mistake as to the

location of the alleged accident which occurred over five years earlier. The plaintiff had been granted leave to serve a late notice of claim nearly 1½ years after the accident. Initially, it was alleged in the notice of claim and the complaint that both the infant plaintiff and his brother had been injured in the same manner, on the same date, when they fell from a treehouse located on a parcel of land owned by the city. Then, over one year after filing the late notice of claim, the plaintiff moved to amend it to allege that, in fact, the brothers had been injured on two separate occasions, nearly one month apart, albeit in the same manner and at the same location. That application was denied and the complaint, insofar as it was on behalf of the other brother, was dismissed. In denying that application, the court had referred to the suspicious circumstances surrounding the case and had specifically pointed out that there was even a discrepancy between the plaintiff's affidavit and the notice of claim as to the location of the alleged accident. At that time, the plaintiff's counsel had attributed the discrepancy to a typographical error. Now, over two years later, the plaintiff again seeks to amend the notice of claim to change the location of the alleged accident.

Under these circumstances, we cannot say that the court abused its discretion in denying the motion to amend the notice of claim (see, General Municipal Law § 50-e [6]). The manner in which this case has proceeded indicates a lack of good faith on the part of the plaintiff in providing accurate information as to the nature of the claim and there has been no reasonable explanation provided as to why it took over five years from the time of the alleged accident and over two years since the discrepancy was pointed out to seek to correct the mistake as to the location (see, Caselli v City of New York, supra). Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.