■ Eva Krug, Appellant, v City of New York, Respondent, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated February 24, 1988, as denied that branch of her motion which was to amend her notice of claim and the complaint, and granted the cross motion of the defendant City of New York to dismiss the complaint as against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this case involving an allegedly defective sidewalk, the plaintiff's original notice of claim was concededly defective in that it provided an incorrect address as the site where the plaintiff fell. The plaintiff, therefore, sought leave to amend the notice of claim to correct this mistake. Such motions are addressed to the sound discretion of the court, which may grant a motion to amend the notice of claim provided two conditions are met: first, the mistake, irregularity or defect in the original notice must have been made in good faith, and second, it must appear that the municipality has not been prejudiced thereby (see, General Municipal Law § 50-e [6]; Castro v City of New York, 139 AD2d 687; Martire v City of New York, 129 AD2d 567). We conclude that the Supreme Court did not improvidently exercise its discretion in granting the defendant city's cross motion to dismiss the complaint and denying the branch of the plaintiff's motion which was for leave to amend her notice of claim. There is nothing in the record to suggest that the original notice of claim was prepared and served in bad faith. Thus, our determination must turn on the question of whether the city was prejudiced by the mistake in the notice. In this case, where the motion to amend the notice of claim was not made until approximately two years after the claim arose, the city would clearly be prejudiced in not being able to conduct a proper investigation while the facts surrounding the incident were still fresh (see, O'Brien v City of Syracuse, 54 NY2d 353, 358; Teresta v City of New York, 304 NY 440, 443; Levine v City of New York, 111 AD2d 785, 786). The plaintiff contends that any claim of prejudice on the part of the city is negated by the fact that the city acquired knowledge of the correct site of the accident from the aided report and accident report prepared by a police

officer who responded to the site of the plaintiff's fall, the latter of which was allegedly filed with the city's Department of Highways. Although courts have permitted amendments of notices of claim to cure such defects as incorrect accident sites where knowledge of the correct facts was available to the public corporation and imputable to it, those decisions concluding that the public corporation would not be prejudiced by allowing a defective notice of claim to be amended generally require more than the mere existence of an accident or aided report to impute actual knowledge and negate a claim of prejudice (see, Levine v City of New York, supra, at 787; Caselli v City of New York, 105 AD2d 251, 258). In the instant matter, the mere filing of a police officer's aided report and the accident report did not provide a sufficient basis for imputing knowledge of the correct accident site to the city. Moreover, the prejudice suffered by the city because of this defect is evidenced by the fact that an investigator from the city's Office of the Comptroller examined and photographed the incorrect site promptly after the plaintiff's fall. The delay in moving to amend the notice of claim to correct this defect deprived the city of an opportunity to conduct a meaningful investigation (see, Levine v City of New York, supra; Caselli v City of New York, supra; cf., Nouri v City of New York, 90 AD2d 745; Jackson v Police Dept., 86 AD2d 860). Thompson, J. P., Rubin, Spatt and Balletta, JJ., concur.