■ RICARDO MARRERO, Plaintiff, v CITY OF NEW YORK et al., Defendants. In the Matter of RICARDO MARRERO, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Judgment, Supreme Court, New York County (Leonard N. Cohen, J.), entered June 30, 1989, which denied plaintiff's petition for leave to file a late notice of claim; order of same court entered on or about June 19, 1989, which dismissed plaintiff's complaint against defendant New York City Housing Authority (NYCHA); order of same court entered on or about June 26, 1989, which dismissed the summons and complaint and directed judgment in favor of NYCHA and the other defendants; and order of same court entered on or about September 19, 1989, which denied reargument of petition, granted renewal, but on renewal, adhered to original determination, unanimously affirmed, without costs or disbursements.

The IAS court correctly dismissed the petition for lack of in personam jurisdiction over defendant NYCHA. The petition was a separate proceeding, as indicated by separate captions and index numbers. Plaintiff commenced the special proceeding through service by regular mail on NYCHA's counsel. The commencement of the special proceeding requires service consistent with CPLR article 3 (Gomez v Bobker, 104 AD2d 790).

Further, the petition would properly have been denied on its merits. On the initial petition, plaintiff's conclusory showing fell far short of the required elements for leave to file a late notice of claim (see, Matter of Perry v City of New York, 133 AD2d 692, 693).

The IAS court correctly adhered to its original determination on renewal. Renewal was based on plaintiff's hospital records and the NYCHA Police Department · report on the accident, which indicated only that the plaintiff slipped, hurt his knee, and was taken to the hospital.

The hospital records covered only one month, and not the entire period of unexplained delay, leaving this court to "speculate" as to what occurred during the entire period of delay (Rodriguez v City of New York, 86 AD2d 533, appeal dismissed 58 NY2d 899). The police report contained none of the essential facts of the accident, nor was anything else presented to demonstrate actual knowledge on the part of NYCHA (see, Caselli v City of New York, 105 AD2d 251, 256-257). Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.