■ ROBIN SIMMONS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 10, 1989, granting plaintiff permission to serve a late notice of claim, is unanimously affirmed, without costs or disbursements.

Plaintiff was allegedly injured exiting an elevator in her apartment building, which was under defendant's control. A notice of claim under General Municipal Law § 50-e (1) was timely filed, but with the City Comptroller instead of defendant. Plaintiff's attorney did not learn of the error until two days after expiration of the 90-day statutory period within which to file notice of claim. Thirty-eight days after expiration of the statutory period, plaintiff moved for permission to serve a late notice of claim upon the proper entity.

Among the grounds for granting permission to file late notice of claim (General Municipal Law § 50-e [5]) are lack of substantial prejudice to the public corporation in maintaining its defense on the merits and excusable error upon the claimant's part concerning the identity of the public corporation against which the claim should be asserted. Defendant has failed to demonstrate substantial prejudice by the 38-day delay. Furthermore, service of the notice upon the City Comptroller instead of the Housing Authority was an excusable error *(Robb v New York City Hous. Auth.,* 71 AD2d 1000). Therefore, the court's grant of permission to serve a late notice of claim was not an abuse of its discretion, under the circumstances. Concur—Murphy, P. J., Carro, Milonas, Asch and Wallach, JJ.