■ FREDESBINDA RIVERA, Appellant, v CITY OF NEW YORK, Respondent.—Order of the Supreme Court, Bronx County (Herbert Shapiro, J.), entered on September 11, 1989, which granted plaintiff's motion to reargue and, upon reargument, adhered to its prior determination dismissing plaintiff's complaint on the ground that the notice of claim was fatally defective for lack of specificity, is unanimously modified on the law to the extent that, upon reargument, defendant's motion to dismiss the complaint is denied and the matter is restored to the Trial Calendar, without costs or disbursements.

In this negligence action, plaintiff alleges that on November 12, 1978, she fell when she stepped into a large pothole on Fordham Road in Bronx County, sustaining leg and shoulder injuries. Five weeks later, on December 18, 1978, her counsel had photographs taken of the scene. The following day, he filed a notice of claim with defendant City of New York which inaccurately located the site of the mishap in "THE COUNTY OF KINGS" although it did describe the accident as having taken place "AT FORDHAM ROAD AND WEBSTER AVE., AT 2:00 P.M." On March 13, 1979, pursuant to General Municipal Law § 50-h, plaintiff appeared with her attorney at the office of the New York City Comptroller for an examination in connection with her claim. Assisted by a Spanish interpreter (plaintiff has difficulty with the English language), she stated to the Hearing Examiner that the place of occurrence was between one and two feet from the curb on the far side of the intersection between Fordham Road and Webster Avenue on her right. The Examiner never asked plaintiff for a more precise identification of the site of the accident. The pothole itself, she asserted, was "large", "more or less circular", "a foot and a half to two feet" wide and "around three inches" in depth. However, notwithstanding the failure of the Hearing Examiner to request a more detailed description of the location of the mishap, plaintiff's testimony clearly established that the accident happened at one of two specific spots depending upon the direction in which she was walking. In any event, some six months later, plaintiff supplied defendant with a bill of particulars, as well as the photographs of the scene of the

occurrence. A perusal of the photographs would clearly put the pothole at an easily ascertainable location. Moreover, plaintiff provided the name and address of an eyewitness to the accident.

Some 10 years after the commencement of the instant action, defendant, having neglected to make an exhaustive inquiry at the hearing in the Comptroller's office, having not demanded further information at any time thereafter, having accepted without objection plaintiff's bill of particulars and evidently having failed to conduct even the most minimal investigation of its own, decided on the very eve of the trial, the jury having already been selected, that it had not been adequately apprised of the exact location of the purported street defect. Yet, despite the foregoing, the Supreme Court granted the city's oral motion to dismiss the complaint on the ground that the now-11-year-old notice of claim had been fatally defective. Plaintiff then moved for reargument, urging, in part, that throughout the long history of this litigation, defendant had never asserted any prejudice as a result of the lack of additional specificity. The court, having not previously issued a written opinion, adhered to its prior determination despite granting reargument and plaintiff has appealed.

At the outset, it should be noted that even assuming that plaintiff's counsel might have prepared a more comprehensive notice of claim, the fact remains that this case hardly presents an example of a vague negligence claim being foisted upon the City of New York, the examination in the Comptroller's office narrowed the possible accident site to one of two places, and the photographs not only show the pothole to have been so large that anyone inspecting these spots could hardly have missed it but also served to put the defect in a readily identifiable location. Certainly, belated submission of photographs taken close in time to the date of the accident has been accepted by this court for the purpose of elucidating the precise locus of an accident (*Matter of Gerzel v City of New York,* 117 AD2d 549). As the court aptly observed in *Matter of Gerzel v City of New York (supra,* at 550-551):

"The statute, General Municipal Law § 50-e (5), directs the courts to consider 'in particular whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim' within the 90-day filing period or a reasonable time thereafter. Other relevant factors include the reason for the delay and whether the delay substantially prejudiced the public corporation's ability to defend on the merits. The only legitimate purpose served by section 50-e is

to protect the public corporation against spurious claims and to assure it 'an adequate opportunity * * * to explore the merits of the claim while information is still readily available.' *(Teresta v City of New York,* 304 NY 440, 443 [1952]; *see also, Matter of Beary v City of Rye,* 44 NY2d 398, 412 [1978].)

"It is manifest on the record that the city acquired actual knowledge of the essential facts constituting the claim by reason of the accident report and photographs. *(Innes v County of Genesee,* 99 AD2d 642, 643 [4th Dept 1984]; *Flynn v City of Long Beach,* 94 AD2d 713, 714 [2d Dept 1983]; *see also, Caselli v City of New York,* 105 AD2d 251, 256 [2d Dept 1984].) * * * The photographs clearly sufficed to apprise the city of the alleged negligence involved, a defective and dangerous condition of the steps. They may be used to prove constructive notice of an alleged defect since they were taken reasonably close to the time of the accident."

None of the cases cited by defendant *(e.g., Schwartz v City of New York,* 250 NY 332; *Glekel v City of New York,* 151 AD2d 231; *Krug v City of New York,* 147 AD2d 449; *Martire v City of New York,* 129 AD2d 567, *lv denied* 70 NY2d 609; *Levine v City of New York,* 111 AD2d 785; *Caselli v City of New York,* 105 AD2d 251, *supra; Evers v City of New York,* 90 AD2d 786) supports the proposition which the city seems to advance that because greater particularity has been traditionally required with respect to claims involving potholes or similar sidewalk defects, nothing less than the absolute exact placement of the fissure must be contained in the notice of claim itself. On the contrary, the notice to the municipality must simply be with sufficient particularity to adequately advise it of the alleged defect which is the subject of the claim so as to enable it properly to investigate the matter while information is still fresh *(O'Brien v City of Syracuse,* 54 NY2d 353; *Krug v City of New York, supra; Matter of Gerzel v City of New York, supra; Levine v City of New York, supra).* The purpose of General Municipal Law § 50-e, however, is not to supply a tool for the city to endeavor to avoid seemingly meritorious claims concerning which it has, as herein, received appropriate notice. In that connection, the record indicates that defendant was clearly informed of the location of the accident (plaintiff's supposed confusion about the exact site is apparently the result of nothing more than a language problem) in sufficient detail to permit both an adequate investigation of plaintiff's claim and full and fair defense against her lawsuit. If one of defendant's agents had been dispatched to the scene, he or she undoubtedly would have been able to discover the pothole

almost immediately. The city's evident choice not to avail itself of the opportunity to conduct an investigation is not plaintiff's responsibility. Significantly, defendant has to date never provided any basis to conclude that it was in any way prejudiced by plaintiff's failure to identify, either in the notice of claim itself or in the ensuing hearing, which of the two possibilities at the intersection was the actual site of the accident. Accordingly, the Supreme Court was not warranted in granting the city's motion to dismiss the complaint against it. Concur—Kupferman, J. P., Sullivan, Milonas, Ellerin and Rubin, JJ.