■ SHIRLEY KONSKER et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County, (Leonard N. Cohen, J.), entered January 25, 1990, which denied plaintiffs' motion to amend a notice of claim, and granted defendant's cross-motion to dismiss plaintiffs' complaint, unanimously affirmed, without costs.

According to plaintiffs' notice of claim, which was timely served upon defendant City of New York on January 4, 1989, as well as the summons and complaint, served on February 15, 1989, plaintiff Shirley Konsker was injured, allegedly due to the negligence of the city, when she fell on a metal plate on the roadway near the intersection of 46th Street and 6th Avenue in Manhattan, on October 27, 1988. Some five months after commencing the action plaintiffs realized that both the notice of claim and the complaint stated the wrong location of the accident. In fact, the accident occurred at the corner of 6th Avenue and West 47th Street, not West 46th Street. Thereupon plaintiffs moved, by motion dated July 26, 1989 (six months after the filing of the notice of claim, and nine months after the accident), pursuant to General Municipal Law § 50-e (6) to amend the notice of claim to reflect the proper location of the accident.

The investigator assigned by the city submitted a detailed report dated January 29, 1989, supported by a scale diagram and photographs, pertaining to the erroneous 46th Street—6th Avenue intersection. His focus was mainly on two tar patches in the intersection; understandably he reported: "At said location, there is no metal plate or excavation in the roadway."

Although it is undisputed that plaintiffs furnished to the city xerox copies of photographs depicting the offending metal plate at West 47th Street, we cannot agree with their contention that anything depicted therein would serve to alert the city to the correct location.

General Municipal Law § 50-e (6) provides that mistakes in a notice of claim served upon a public corporation may be corrected in the court's discretion "provided it shall appear that the other party was not prejudiced thereby." Unfortunately for plaintiffs, it is now well settled that where the municipality is misled by the erroneous notice to conduct an investigation at the wrong situs, this circumstance alone results in serious prejudice *(Krug v City of New York,* 147 AD2d 449; *Martire v City of New York,* 129 AD2d 567, *lv denied* 70 NY2d 609).

As stated in *Krug (supra,* at 450): "Moreover, the prejudice suffered by the city because of this defect is evidenced by the fact that an investigator from the city's Office of the Comptroller examined and photographed the incorrect site promptly after the plaintiff's fall. The delay in moving to amend the notice of claim to correct this defect deprived the city of an opportunity to conduct a meaningful investigation".

*Krug (supra)* is not distinguishable by virtue of the two-year delay in seeking amendment. *Martire (supra),* where dismissal was affirmed in a like context, involved only a seven-month delay.

Accordingly, we uphold the exercise of discretion of IAS, whose denial of the application fully comported with prevailing law. Concur—Ellerin, J. P., Wallach, Kassal and Smith, JJ.