■ MELISSA COLON, an Infant, by Her Mother and Natural Guardian, LUCY COLON, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered June 27,

1990, which granted the defendant's motion to dismiss the complaint for lack of specificity in the notice of claim concerning the location of the accident, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion denied and the complaint reinstated, without costs.

The infant plaintiff was allegedly injured when she fell on broken glass on defendant New York City Housing Authority's premises. In the plaintiffs' notice of claim, filed pursuant to the requirement of General Municipal Law § 50-e, the plaintiffs stated that "the infant claimant, MELISSA COLON, was caused to fall at Mott Haven Houses, New York City Housing Authority playground area at the entranceway thereat, which is located at 143rd St. between Willis Ave. and Third Ave., Bronx, N.Y." The complaint and the bill of particulars also state that the accident occurred at the entrance to the playground at the above described location. In her testimony at the Comptroller's hearing held pursuant to section 50-h of the General Municipal Law and in her examination before trial the infant plaintiff's mother, Lucy Colon, stated in essence that the playground in question was located behind a building but that her daughter had been injured in front of the building. Although the defendant strives mightily to find fatal inconsistency between Ms. Colon's description of where the accident occurred and the description of the accident location found in the notice of claim, a fair reading of the record discloses no inconsistency whatsoever. As is plain from the record, the entranceway to the subject playground, the place where the accident is alleged to have occurred, is in fact located in front of a building and, as Ms. Colon also stated, the playground accessed by this entranceway is located at the rear of the building. In view of the fact that it is undisputed that the plaintiffs initially indicated the location of the accident in their notice of claim with sufficient specificity to enable the defendant to investigate the circumstances surrounding the accident and to explore the merits of the claim *(see, Caselli v City of New York,* 105 AD2d 251), and that a fair reading of the record discloses that the plaintiffs have never altered their initial contention that the accident happened at the entranceway to the playground, there can be no claim by the defendant of defect in the notice of claim much less of resultant prejudice. Concur—Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.