(December 5, 1991)

■ JOSE MORALES, an Infant, by His Mother and Natural Guardian, DOLORES DIAZ, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.—Order, Supreme Court, New York County (Robert E. White, J.), entered on or about July 3, 1990, which denied plaintiffs' motion to restore the case to the calendar, and granted defendant's cross-motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), is unanimously reversed, on the law, the complaint is reinstated, and the matter restored to the trial calendar, without costs.

This is an action to recover damages for personal injuries sustained by Jose Morales, and for derivative claims of his mother and natural guardian, Dolores Diaz. Plaintiffs' claims arise from a September 18, 1983 accident, in which Morales, then 14 years of age, allegedly slipped and fell in a pool of water flowing from a building owned and operated by defendant, the New York City Housing Authority. It is further alleged that the injuries sustained by Morales, including a triplane fracture of the right ankle which required surgery, continue to cause him pain and swelling, and have resulted in permanent disability and scarring.

At issue on appeal is whether plaintiffs' notice of claim, served upon defendant on October 17, 1983, met the statutory requirements of particularity mandated by General Municipal Law § 50-e (2), with respect to the place where, and manner in which, the claim arose. In pertinent part, the notice of claim responded to this inquiry as follows: "On September 18, 1983 at 7:00 p.m. on the grass at premises, 80 Columbia Street, New York City Housing Authority Building, New York, N. Y. The New York City Housing Authority was negligent in the ownership, operation, maintenance and control of said building and said surrounding area. There was a flood nearby in a building. The New York City Housing Authority had due notice prior to the happening of said accident to have corrected such dangerous condition. There was no contributory negligence. The New York City Housing Authority had a flood and the water went on the grass and the claimant, Jose Morales, was injured while he was on said grass."

In the complaint and bills of particulars, plaintiffs initially stated that the flood of water in which Morales slipped was

caused by defective or broken pipes. At a hearing pursuant to General Municipal Law § 50-h, held January 9, 1984, Morales testified that the water came from a doorway to a room used by Housing Authority employees, which was located on the side of defendant's building, 80 Columbia Street. Following the deposition of Jeanne Gonzalez, a non-party witness who lived in the subject building, taken in or about April 1990, plaintiffs submitted a response to defendant's discovery demands containing information newly obtained from Gonzalez's testimony. Plaintiffs now specified that a Housing Authority maintenance man named Garcia had left a water faucet running in the utility room with a hose attached to it, and that this was the source of the water which eventually spilled from under the door and flooded areas adjacent to the building.

Citing this as "an entirely new theory of liability", the Housing Authority argued that it had been deprived of a timely investigation and was prejudiced thereby, and sought dismissal of the complaint. Plaintiffs now appeal the IAS part's grant of this relief. We reverse.

Upon examination of the record, we conclude that the notice of claim filed on behalf of plaintiffs was sufficiently specific to aid defendant in conducting a meaningful investigation of the accident and its causes, and in formulating a defense. Defendant was aware from the notice of claim, served 29 days after the accident, and from the testimony at the hearing held three and one-half months after the accident, as well as from the deposition of the infant plaintiff, taken two years after the accident, of the following:

1. At 7:00 P.M. on September 18, 1983, there was a flood on a grassy area of a building owned by defendant, located at 80 Columbia Street.

2. The infant plaintiff, Jose Morales, sustained serious fractures to his right leg when he slipped on the wet grass while playing football.

3. The water flooding came from a locked utility room used by uniformed Housing Authority employees.

4. Pictures used as exhibits at the September 12, 1985 deposition of Morales depicted the accident scene and the utility room door from which the water was said to have flowed.

5. A woman resident of Apartment 8C of 80 Columbia Street, whose first name was Jeanne, was a potential witness to the accident.

On the basis of the foregoing information, defendant's abil-

ity to undertake a meaningful investigation and to formulate a defense was not impaired by the inadvertent lack of specificity or inaccuracy in the notice of claim. *(See, Mayer v DuPont Assocs.,* 80 AD2d 799; *Nouri v City of New York,* 90 AD2d 745.)* Rather, "knowledge of the correct facts was available to the public corporation and imputable to it, thereby belying any claim of prejudice" *(Caselli v City of New York,* 105 AD2d 251, 258). Simply stated, despite plaintiffs' attribution of the flooding to a broken pipe, the most cursory of investigations by defendant would readily have revealed the true source of the water which spilled from under the utility room door. As this Court recently held in *Rivera v City of New York* (169 AD2d 387, 389-390): "The purpose of General Municipal Law § 50-e * * * is not to supply a tool for the city to endeavor to avoid seemingly meritorious claims concerning which it has * * * received appropriate notice * * * [D]efendant was clearly informed of the location of the accident * * * in sufficient detail to permit both an adequate investigation of plaintiff's claim and full and fair defense against [the] lawsuit. If one of defendant's agents had been dispatched to the scene, he or she undoubtedly would have been able to discover the [offending condition] immediately. The city's evident choice not to avail itself of the opportunity to conduct an investigation is not plaintiff's responsibility". Concur—Murphy, P. J., Milonas, Ellerin, Kassal and Smith, JJ.