█ In the Matter of JOHN F. McLOUGHLIN et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered October 9, 1990, which denied petitioners' application for leave to file a late notice of claim on respondent City of New York, unanimously affirmed, without costs.

Petitioner, a batallion commander in the New York City Fire Department, was allegedly injured in the line of duty when responding to a building fire on October 20, 1989, he was struck by a piece of plywood that fellow firefighters had removed from a third floor window. Various internal Fire Department reports were filed in connection with the incident indicating both that petitioner had been injured, and his medical condition. On March 23, 1990, petitioner and his wife served a notice of claim asserting that the premises were negligently maintained by its owner, respondent City of New York, and on May 15, 1990, they moved to have the notice of claim deemed timely. The IAS court denied the application, finding that the filing of the Fire Department report, indicating that petitioner was injured when fellow firefighters threw

a piece of plywood out the window, did not put respondent on notice of its failure to maintain the premises, and that respondent did not otherwise acquire actual notice of the essential facts constituting the claim. We agree.

While accident reports are sometimes sufficient to provide the municipality with actual knowledge of the essential facts constituting the claim within the meaning of General Municipal Law § 50-e (5) *(see, Matter of Gerzel v City of New York,* 117 AD2d 549; *Heredia v City of New York,* 141 AD2d 473), where, as here, the facts upon which the municipality's liability is predicated are not discernable from the accident report, actual knowledge will not be imputed to the municipality *(Evans v New York City Hous. Auth.,* 176 AD2d 221; *Marrero v City of New York,* 160 AD2d 377). "[T]he city cannot be deemed to have acquired knowledge of the essential facts of the claim where, as here, the accident report failed to indicate that the owner of the vacant premises on which the petitioner was injured was the city itself." *(Matter of Zbryski v City of New York,* 147 AD2d 705, 706-707, *lv denied* 74 NY2d 825.) In view of the prejudice to respondent arising from the lack of notice, it was not an improvident exercise of discretion to deny the application. Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.