(December 12, 1991)

■ In the Matter of YOLANDA OLMO, as Administratrix of the Estate of ELAINE C. OLMO, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents.—Order of the Supreme Court, Bronx County (Douglas E. McKeon, J.), entered February 7, 1991, which denied petitioner's application for an order deeming her notice of claim against the City of New York and New York City Housing Authority as timely served with respect to the claim for conscious pain and suffering, reversed on the law, the facts and in the exercise of discretion, and said application granted, without costs.

On December 21, 1989, Elaine C. Olmo was shot and killed while participating in her apartment building's tenant patrol program. Her building was part of a New York City Housing Authority ("NYCHA") development. The New York City Police Department and the NYCHA Police responded to the scene. Olmo was treated by Emergency Medical Services before she was transported to Lincoln Hospital where she was pronounced dead. One week later, on or about December 28, 1989, petitioner executed a notice of claim against the respondents asserting causes of action for wrongful death and conscious pain and suffering. This notice of claim was not served until August 30, 1990, two weeks after Letters of Administration were issued to petitioner Yolanda Olmo, who is decedent's daughter. In pertinent part, the notice of claim stated: "On December 21, 1989 at approximately 10:45 P.M. in the lobby of 710 Tinton Avenue, Bronx, N. Y. 10455 decedent ELAINE C. M. OLMO was shot, mortally wounded and ultimately died, by unknown assailants, which had broken lock to front door of building entrance which was frequented by criminals, all of which were unknown to defendants [sic]."

On October 25, 1990, a hearing pursuant to General Municipal Law § 50-h was conducted on behalf of the NYCHA. Among other things, petitioner was asked if she recognized any of the names of eight individuals on a list compiled by NYCHA. Those names included eyewitnesses to the shooting, another victim and the alleged assailant. At this time, counsel for NYCHA advised petitioner's counsel that if a complaint seeking damages for conscious pain and suffering was served,

a motion to dismiss would be made on the grounds that General Municipal Law § 50-e required service of a notice of claim for that cause of action within 90 days of the shooting, i.e., March 21, 1990.

By way of an order to show cause dated October 31, 1990, petitioner sought leave to file a late notice of claim with respect to the conscious pain and suffering claim. Petitioner alleged that respondents had actual knowledge of the essential facts constituting the claim within 90 days or shortly thereafter (newspaper report so indicates) and both agencies conducted extensive investigations. In addition, NYCHA had the names of at least eight eyewitnesses prior to the section 50-h hearing. Petitioner's counsel admitted that it was mistakenly believed that Letters of Administration were required prior to the filing of any notice of claim. The application was opposed only by the NYCHA.

The IAS court held that this mistake of law was legally insufficient to warrant the favorable exercise of its discretion and that petitioner had failed to establish that the delay in serving the notice of claim did not substantially prejudice respondents. The IAS court found that there was no evidence that the homicide investigation would have made respondents aware of petitioner's negligence claim of a broken lock.

Petitioner and the NYCHA are before us on this appeal.

It is apparent that the NYCHA extensively investigated the circumstances of decedent's death. That investigation produced at least eight eyewitnesses, including the alleged culprit. It is to be expected that, as the owner and operator of the building, the agency's investigation of a homicide which occurred in its lobby would necessarily include ascertaining the identity of the assailant, his purpose for being on the premises, how access was gained to the premises, how such a tragedy could occur on its premises, and what actions could be taken by NYCHA to prevent this from happening again. As such, we conclude that the NYCHA had actual knowledge of the essential facts constituting petitioner's claim within 90 days of decedent's death or a reasonable time thereafter. (See, Caselli v City of New York, 105 AD2d 251, 256-257 [1984]; Rivera v City of New York, 169 AD2d 387, 389-390 [1991].)

With respect to the mistake of law which caused the notice of claim regarding conscious pain and suffering to be untimely, we find that under the circumstances of this case and in the exercise of discretion, this excuse is legally sufficient. The notice of claim was timely executed and once the Letters

of Administration were issued, the notice was served without delay. Within six days of learning of the mistake of law, petitioner's counsel sought leave to file a late notice of claim. All of this transpired within ten months of the shooting.

Finally, in light of the foregoing, we find that NYCHA has not been prejudiced and that the late notice of claim should be allowed. *(Rivera v City of New York, supra; Matter of Gerzel v City of New York,* 117 AD2d 549 [1986]; *Nouri v City of New York,* 90 AD2d 745 [1982].)* Concur—Milonas, Ellerin, Kassal and Smith, JJ.

Murphy, P. J, dissents and would affirm for the reasons stated by McKeon, J.