■ CARMEN CRUZ, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered October 25, 1990, which granted plaintiff leave to serve a late notice of claim, unanimously affirmed, without costs.

On April 7, 1990, plaintiff was allegedly injured when she fell due to an accumulation of excess wax and milk on the hallway floor of her apartment building. Defendant disputed plaintiff's allegation that two days after the accident, she completed an accident report at the New York City Housing Authority Management offices at the Baychester Housing Projects. One day prior to the expiration of the 90-day statutory period within which to file notice of claim, plaintiff served a notice correctly identifying defendant, but at the office of Corporation Counsel of the City of New York. Eleven days after expiration of the statutory period, plaintiff moved for permission to serve a late notice of claim upon the proper entity.

It is well settled that General Municipal Law § 50-e (5) permits the court to consider all relevant factors and to exercise considerable discretion in determining whether to permit service of a late notice of claim *(see, Matter of Mazzilli v City of New York,* 115 AD2d 604, 605). The IAS court acted well within its discretion in concluding that plaintiff's inadvertent service upon the City of New York excused the extremely minor delay and that defendant was not in any way prejudiced thereby *(see, Simmons v New York City Hous. Auth.,* 161 AD2d 377). Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ.