■ In the Matter of EDUARDO SOTO et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about January 30, 1991, which granted claimants' application to serve a late notice of claim, unanimously affirmed, without costs.

On January 19, 1990, Eduardo Soto allegedly fell on an accumulation of debris on a common stairway located in one of respondent's projects, and was transported from the accident scene by ambulance to St. Claire's Hospital. A Housing Authority police officer filed a report on that day stating that he observed what appeared to be a puddle of urine at the scene, that he notified persons to "correct condition," and that he unsuccessfully attempted to contact "Claims and Risk".

Claimants' attorneys, by virtue of "clerical error", served a notice of claim on the City of New York on February 16, 1990. Upon learning from the City Comptroller that the Housing Authority was the proper party to be served, claimants' attorneys sought leave to serve an untimely notice, but mistakenly moved by notice of motion served by ordinary mail instead of

by notice of petition and petition served in the same manner as a summons. The present application was made in papers dated August 31, 1990, within five months after the expiration of the 90-day limit to serve a notice of claim.

It was a reasonable exercise of discretion for the IAS court to grant the application (see, Cruz v New York City Hous. Auth., 178 AD2d 291). Respondent acquired actual knowledge of the underlying facts not only within a reasonable time after the expiration of the 90-day period, by virtue of the service of the initial, albeit unsuccessful, application, but, indeed, before the expiration of such period, by virtue of the police-aided report. Where the facts upon which the municipality's liability is predicated are discernable from the report of an accident, actual knowledge will be imputed to the municipality (cf., Matter of McLoughlin v City of New York, 178 AD2d 193). Here, the officer observed foreign substances in the area where claimant fell, and clearly investigated as to liability since he attempted to notify the claims unit that day.

Nor has respondent been prejudiced by the delay. The transitory condition complained of was investigated by the responding officers, and must have been observed by the cleaning crews which the police report indicates were summoned. The condition could hardly have been expected to last 90 days, when the claim would still have been timely—thus, prejudice cannot result from a delay beyond that 90-day period.

The excuse of law office failure, which resulted here in the wrong entity being served, does not mandate denial of the application. It is settled that "the absence of an acceptable excuse for the delay is not fatal to the plaintiffs' application" (Goodall v City of New York, 179 AD2d 481). Nor is a mistake of law a necessarily unacceptable excuse (Matter of Olmo v City of New York, 178 AD2d 197). While the excuse here does amount to mere law office failure, the manifest lack of prejudice, the prompt attempt to seek leave to serve the proper party, and the receipt of actual knowledge by the filing of the police-aided report, demonstrate no abuse of discretion in granting the application. Concur—Carro, J. P., Wallach, Kassal and Rubin, JJ.