■ EILEEN O'KEEFE, Appellant, v CITY OF NEW YORK et al., Respondents.—Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on October 19, 1990, which granted the motion by defendant City of New York to dismiss the complaint and cross-claims against it, is reversed on the law, and the motion denied, without costs and disbursements.

Appeal from the order of the Supreme Court, New York County (Leland DeGrasse, J.), entered on June 25, 1991, which granted plaintiff's motion for reargument and, upon reargument, adhered to its prior ruling, is dismissed as academic, without costs and disbursements.

This action was commenced to recover for personal injuries allegedly sustained by plaintiff on December 1, 1986 when she tripped and fell on a public sidewalk. A timely notice of claim was served upon defendant City of New York on January 13, 1987. According to the notice of claim, which was accompanied by two photographs of the area in question, plaintiff "on Sixth Avenue between 45th Street and 46th Street approximately 15 to 30 feet south of 46th Street on the west side of the street * * * was caused to trip and fall as a result of a

sidewalk and street defect constituting a hazard, trap and/or serious sidewalk/street/pothole defect thereat." The first photograph depicts the sidewalk, curb and the adjoining street with the side and tires of a visible car, as well as the subject defect. The second photograph was taken from a wider angle and shows more of the area involved, including persons shopping at a nearby newsstand and structures across the street. In addition, a police accident report states that plaintiff tripped and fell while stepping off the curb and that the place of occurrence was Sixth Avenue between 46th and 45th Streets.

Defendant did not conduct a statutory hearing pursuant to General Municipal Law § 50-h, and plaintiff's action was instituted on or about May 1, 1987. The City's answer includes an affirmative defense alleging a faulty notice of claim. In that regard, it is defendant's contention, and the Supreme Court expressed agreement with this position in granting the City's motion to dismiss the complaint, that the notice of claim failed to identify the location of the accident with sufficient particularity to enable the City to undertake an adequate investigation. It should be noted that plaintiff's supplemental bill of particulars declares that the accident took place "approximately Fifteen (15) feet South of West 46th Street on the West side of Sixth Avenue approximately one (1) foot from the curb on Sixth Avenue." When defendant sent an examiner out to the scene, the latter found that "[a]t a point 30' south of the south curb of W. 46th St. is a cement patch 3' x 6' x 4' at the west building line with a crack running north & south 2' east of the building line. There is a 15 [degree] slope toward 6th Ave. and a hole 2" x 2" x 1/2" deep at the eastern edge."

General Municipal Law § 50-e (2) requires a notice of claim to contain the time when, the place where, and the manner in which the claim arose. There is no dispute that plaintiff served a timely notice that adequately describes the time of the purported accident and the manner in which it happened. As for the place at issue, plaintiff provided information with footage and compass directions, which certainly enabled the City to know exactly where she was supposedly injured, and she also furnished photographs of the spot. In any event, even had the notice of claim been vague, as urged by defendant, section 50-e (6) of the General Municipal Law permits the court to direct that "a mistake, omission, irregularity or defect made in good faith" be "corrected, supplied or disregarded, as the case may be * * * provided it shall appear that the other party was not prejudiced thereby." However, despite the City's

assertion that it was prejudiced by plaintiff's lack of specificity, the City examiner was, indeed, easily able to ascertain the site of the accident and yet looked only at the building line notwithstanding that the annexed photographs show the area next to the curb and street line. The fact that the investigator chose to focus upon the building line when plaintiff's photographs portray a defect in the vicinity of the street and curb is due to a mistake by the City and not an insufficient notice of claim such that dismissal of the complaint is warranted rather than, at most, a court direction that greater particularity be offered (see, Matter of Schepper v County of Orange, 121 AD2d 638).

Moreover, since plaintiff asserts that she tripped as she was stepping off the curb because of a defect in the street, but was unable to catch her balance because of a defect on the sidewalk, it was not improper for her notice of claim to refer to the combination of problems in the sidewalk and street. The City's examiner, by zeroing in on the building line, appears to have ignored the attached photographs entirely. At any rate, the law is well established, and this court has frequently reiterated, that " '[t]he purpose of General Municipal Law § 50-e * * * is not to supply a tool for the city to endeavor to avoid seemingly meritorious claims concerning which it has * * * received appropriate notice * * * [D]efendant was clearly informed of the location of the accident * * * in sufficient detail to permit both an adequate investigation of plaintiff's claim and full and fair defense against [the] lawsuit' " (Morales v New York City Hous. Auth., 178 AD2d 143, 145, quoting Rivera v City of New York, 169 AD2d 387, 389; see also, Miles v City of New York, 173 AD2d 298; Colon v New York City Hous. Auth., 178 AD2d 102). As this court has recently explained in Rivera v City of New York (169 AD2d 387, 389, supra): "None of the cases cited by defendant * * * supports the proposition which the city seems to advance that because greater particularity has been traditionally required with respect to claims involving potholes or similar sidewalk defects, nothing less than the absolute exact placement of the fissure must be contained in the notice of claim itself. On the contrary, the notice to the municipality must simply be with sufficient particularity to adequately advise it of the alleged defect which is the subject of the claim so as to enable it properly to investigate the matter while information is still fresh".

Accordingly, it was error for the Supreme Court to grant

defendant's motion to dismiss the complaint and cross-claims against it. Concur—Milonas, J. P., Asch and Rubin, JJ.

Kassal and Smith, JJ., dissent in a memorandum by Smith, J., as follows: I agree with the motion court that the notice of claim was impermissibly vague and I would affirm the order.

According to the notice of claim, plaintiff fractured her leg when she tripped due to a "sidewalk and street defect constituting a hazard, trap and/or serious sidewalk/street/pothole defect" located "on Sixth Avenue between 45th Street and 46th Street approximately 15 to 30 feet south of 46th Street on the west side of the street". Describing the nature of the claim, the notice stated that it was for personal injuries sustained as a result of the City's negligence in maintaining "the street and sidewalk." Annexed to the notice of claim were two photographs of the scene of the accident. The first, taken at a downward angle, depicting the sidewalk, the curb, and the street, with the side and tires of a car visible, and the second, angled parallel to the sidewalk, depicting the entire width of the sidewalk and showing persons shopping at a newsstand, a parked car, and even the structures across the street.

The IAS court correctly found that the notice of claim was impermissibly vague in that it did not indicate whether the defect was in the street, the sidewalk, or both, nor identify the site of the accident with sufficient particularity to allow the City to conduct a meaningful investigation. Indeed, the prejudice to the City is apparent from the fact that its investigator was misled into focusing on the wrong sidewalk defect. It is well settled that "where the municipality is misled by the erroneous notice to conduct an investigation at the wrong situs, this circumstance alone results in serious prejudice" (Konsker v City of New York, 172 AD2d 361, 362, lv denied 78 NY2d 858; see also, Garcia-Menocal v City of New York, 157 AD2d 560; Silver v City of New York, 169 AD2d 571, lv dismissed 78 NY2d 942 [1991], rearg denied 78 NY2d 1008). While photographs may be employed to identify the location of an accident (Rivera v City of New York, 169 AD2d 387; Matter of Gerzel v City of New York, 117 AD2d 549), the photographs here are not adequate for that purpose (Konsker v City of New York, supra).

Moreover, Administrative Code of the City of New York § 7-201 (c) (2) requires that written notice of a defect in a sidewalk or street must be pleaded and proved. The virtually illegible map submitted does not constitute compliance with this notice requirement.