■ RENE HERRERA, Appellant, v CITY OF NEW YORK, Respondent. [622 NYS2d 524] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Price, J.), dated October 9, 1992, which denied his motion to strike the defendant's answer for failure to provide court-ordered discovery and granted, upon the plaintiff's default, the defendant's cross motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e, and (2) from so much of an order of the same court, dated November 18, 1992, as upon granting the plaintiff's motion to vacate his default in opposing the defendant's cross motion, and for reargument of the motion and cross motion, adhered to its prior determination.

Ordered that the appeal from the order dated October 9, 1992, is dismissed, as that order was superseded by the order dated November 18, 1992, made upon reargument; and it is further,

Ordered that the order dated November 18, 1992, is modi-

fied, on the law and as a matter of discretion, by deleting the provision thereof which adhered to the court's prior determination and substituting therefor provisions (1) denying the defendant's cross motion to dismiss the complaint, (2) conditioning the denial of the plainitff's motion to strike the defendant's answer on its compliance with outstanding court-ordered discovery and discovery requests, (3) reinstating the complaint, and (4) modifying the order dated October 9, 1992, accordingly; as so modified the order dated November 18, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant's time to comply with outstanding court-ordered discovery and discovery requests is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court erred in dismissing the complaint because of a purportedly inadequate identification of the site of the accident in the plaintiff's notice of claim. The notice of claim at bar described the location of the accident as "an empty lot occasionally used for parking, located between Beach 29th St., and Beach 30th St., and Lewmay Road and the Boardwalk/beach, Far Rockaway, NY and more particularly approximately 140 feet from a hydrant on Beach 29th St., 130 feet from the boardwalk, 77 feet from Lewmay Road [where] claimant * * * fell * * * as a result of a broken, uncovered, uneven, raised, improperly repaired and/or depressed manhole cover". Not only is this description alone sufficiently precise to permit the defendant to locate the alleged defect, to conduct a timely investigation of the site, and otherwise to assess the merits of the plaintiff's claim (Caselli v City of New York, 105 AD2d 251, 253; see also, O'Brien v City of Syracuse, 54 NY2d 353, 358; Matter of Gerzel v City of New York, 117 AD2d 549; cf., Krug v City of New York, 147 AD2d 449; Levine v City of New York, 111 AD2d 785), but the notice of claim was accompanied by two photographs showing the debris-filled open manhole and its position within the parking lot. In addition, the details of the location of the plaintiff's accident were reiterated at his General Municipal Law § 50-h hearing, in his complaint, and in his bill of particulars. Subsequently, in response to further demands by the defendant, the plaintiff supplied the defendant with 14 supplementary photographs, a hand-drawn diagram detailing (with measurements) the position of the open manhole within the lot, and the results of a title search indicating that the defendant, in fact, owned the parcel in question. The defendant presented no proof that it

had attempted to inquire into this accident by sending an investigator to the scene. Rather, it complained that without block and lot numbers it could not do a proper title search and that it could not use the plaintiff's measurements to pinpoint the scene of the accident on the tax map it had chosen to consult because "fire hydrants are not marked on the [tax] map".

The purpose of a notice of claim is not to assist the City in performing a title search, nor to supply it with a device to avoid apparently meritorious claims of which it has received adequate notice *(Rivera v City of New York,* 169 AD2d 387). Accordingly, the Supreme Court, upon granting the plaintiff's motion to vacate his default in opposing the defendant's cross motion and for reargument, improvidently exercised its discretion when, upon reargument of the motion and the cross motion, it unconditionally adhered to its determination dismissing the complaint. The record does not support the defendant's contention that it was unable in good faith to comply with duly-requested and court-ordered discovery, and under the circumstances of this case the motion to strike its answer should have been denied on condition that it comply therewith. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.