■ CLEVELAND SMITH, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendants. [656 NYS2d 888] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated March 19, 1996, which denied his motion for leave to serve a late notice of claim on the defendant New York City Transit Authority.

Ordered that the order is affirmed, with costs.

The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. The key factors to be considered in determining whether to grant leave to serve a late notice of claim are whether the claimant demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days following its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (Matter of O'Mara v Town of Cortlandt, 210 AD2d 337; Matter of Sosa v City of New York, 206 AD2d 374; Levettley v Triborough Bridge & Tunnel Auth., 207 AD2d 330). The plaintiff, who was allegedly injured when he fell because of a defective floor mat on a bus in August 1994, failed to establish a reasonable excuse for his delay in serving a notice of claim. He also failed to prove that the defendant New York City Transit Authority

(hereinafter NYCTA) had actual knowledge of the claim within the appropriate time, since the incident report lacked sufficient detail and made no mention of any defective condition regarding the allegedly defective floor mat in the bus *(Matter of Serrano v New York City Hous. Auth.,* 197 AD2d 694; *Evans v New York City Hous. Auth.,* 176 AD2d 221; *Matter of McLoughlin v City of New York,* 178 AD2d 193; *Matter of Mallory v City of New York,* 135 AD2d 636, 637). Finally, we find that the defendant NYCTA would be substantially prejudiced at this late date if the plaintiff's application were to be granted *(Matter of Blackwell v City of New York,* 156 AD2d 684). Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.