■ VIDA TAYLOR, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [669 NYS2d 647] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated January 10, 1997, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for leave to amend her notice of claim.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, the plaintiff's cross motion for leave to amend her notice of claim is denied, and the complaint is dismissed.

On October 22, 1993, the plaintiff allegedly injured herself when she was caused to fall by debris, lack of adequate lighting, and an absence of banisters in a stairwell at 333 Georgia Avenue in Brooklyn. On January 18, 1994, she served a notice of claim on the municipal owner of the building, the New York City Housing Authority (hereinafter the NYCHA), misidentifying the situs of her accident as 332 Georgia Avenue. On March 11, 1994, NYCHA dispatched an investigator, who reported that there was no such address as 332 Georgia Avenue. Although the plaintiff gave the correct address in her General Municipal Law § 50-h hearing on September 29, 1994, the summons and complaint that she served on the NYCHA on December 27, 1994, once again identified 332 Georgia Avenue as the location of her accident. The plaintiff did not move for leave to amend her notice of claim until after the defendant moved to dismiss the complaint, more than three years after her fall.

The Supreme Court improvidently exercised its discretion in allowing the plaintiff to amend her notice of claim. NYCHA was misled by the erroneous notice of claim to conduct an investigation at the wrong situs (*see, e.g., Eherts v County of*

*Orange,* 215 AD2d 524; *Matter of Adlowitz v City of New York,* 205 AD2d 369; *Konsker v City of New York,* 172 AD2d 361; *Krug v City of New York,* 147 AD2d 449). In addition, the plaintiff first rectified the error at her General Municipal Law § 50-h hearing some 11 months after the accident. Thereafter, the confusion continued when the wrong address reappeared in the plaintiff's summons and complaint. Not until more than three years had elapsed, and the NYCHA had moved to dismiss the action, did the plaintiff attempt to formally correct the mistake by cross-moving to amend her notice of claim (*see, e.g., Barno v New York City Hous. Auth.,* 185 AD2d 292; *Martire v City of New York,* 129 AD2d 567). Under these circumstances, the NYCHA was deprived of an opportunity to conduct a timely investigation of the alleged accident site, and would be prejudiced if the plaintiff were permitted to amend her notice of claim (*see,* General Municipal Law § 50-e [6]). Sullivan, J. P., Friedmann, Florio and Luciano, JJ., concur.