■ STELLA HEREDIA as Administratrix of the Estate of JORGE HEREDIA, Deceased, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered May 14, 1987, which denied petitioner-appellant's application for leave to serve a late notice of claim upon respondent-respondent, unanimously reversed, on the law and the facts and in the exercise of discretion and the application granted without costs.

On January 15, 1986, Jorge Heredia was shot and killed by his father, Luis Ramon Heredia, at Freeman Meat, Inc., where they worked in The Bronx. Jorge Heredia died at the scene; Maria Carrero, an employee who was also wounded in the shooting, died two weeks later. A notice of claim on behalf of Juan Carrero, her husband, was filed with respondent on March 7, 1986.

Appellant, the wife of Jorge Heredia, was issued letters of administration on March 28, 1986, but she failed to serve respondent with a notice of claim within 90 days thereafter as required by General Municipal Law § 50-e (1) (a). In March 1987, appellant petitioned the court for leave to serve a late notice of claim. In support of the petition, counsel averred that appellant only learned in December 1986 that prior to

the shooting, several telephone calls to the police emergency number, 911, had been made, but there had been no response to these requests for assistance. Counsel learned of these calls upon speaking with the law firm which had filed the notice of claim on behalf of the estate of Maria Carrero. That notice of claim fully set forth all of the facts and circumstances giving rise to appellant's claim against respondent, stating: "police officers of the City of New York had been advised prior to the happening of the occurrence involved herein of the dangerous propensities of Luis Heredia and that said individual was carrying a firearm and threatening his son Jorge Heredia who was also shot on Jan. 15, 1986 at the aforesaid premises and upon information and belief died on the same date." These allegations in the Carrero notice of claim, appellant contends, gave the city actual notice of appellant's claim.

Supreme Court, however, denied appellant's petition on the ground that the supporting papers were devoid of any facts which would enable the court to exercise its discretion. We do not agree. In *Matter of Gerzel v City of New York* (117 AD2d 549, 551 [1st Dept 1986]), we held that counsel's failure to give a more reasonable explanation for untimely service of a notice of claim "is without significance given the existence of actual notice and the city's failure to show substantial prejudice by the late notice." In this case it cannot be denied that the city acquired actual knowledge of all the essential facts relevant to appellant's claim from the Carrero notice of claim.

In another recent case, in which a firefighter who had been struck by a fire engine filed an injury report setting forth the pertinent facts of the accident but failed to file a timely notice of claim, we held that even if, as Special Term found, the petitioner's excuse was inadequate "it would not mandate a different result in the circumstances", inasmuch as the city had not shown it would be substantially prejudiced if the late notice of claim were authorized. *(Swensen v City of New York,* 126 AD2d 499, 501 [1st Dept 1987].)* The only legitimate purpose served by section 50-e is the opportunity for prompt investigation and preservation of evidence of the facts and circumstances of claims asserted against public corporations *(see, Swensen v City of New York, supra; Matter of Gerzel v City of New York, supra,* at 550). That purpose was adequately served by the information contained in the Carrero notice of claim, and it was therefore an abuse of discretion for Supreme Court to deny appellant's application. Substantial justice in this case requires that appellant be permitted to litigate this claim on the merits and we, therefore, grant the petition.

Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Smith, JJ.