■ In the Matter of LOUIS PARCO et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, Bronx County (Hansel McGee, J.), entered April 20, 1989, which denied petitioners-appellants' motion to serve a late notice of claim upon respondent-respondent, unanimously reversed, on the law, the facts, and as a matter of discretion, and the motion granted, without costs.

On December 16, 1987, petitioner Louis Parco, an employee of the New York Department of Sanitation, was driving a garbage truck in the course of his duties as a garbage collector in The Bronx. The truck came to be in the line of fire of a group of kidnappers, who were shooting at their fleeing victim. Parco, who was seated in the cab of the garbage truck, sustained a gunshot wound in his right side. He was taken to Jacobi Hospital, where his condition was determined to be critical; Parco was subsequently released on December 24, 1987.*

Parco claims that he was injured because the bullet passed through an open doorway of the garbage truck. He asserts that the reason the door was open was because the door was malfunctioning and had to be tied back in an attempt to close it. He contends that had he been able to close and properly secure the door, the bullet would have been lodged in the door, its path diverted, or, in the alternative, the impact and damage to Parco's body would have been far less severe after the bullet passed through the closed door.

As respondent City of New York (City) notes, within 90 days after the incident, petitioner both testified before the Grand Jury and contacted the Crime Victims Bureau, which wrote to the Department of Sanitation on Parco's behalf. However, it was not until April 11, 1988 that petitioners sought the advice of counsel. As they concede, the notice of claim, subsequently filed by counsel on April 13, 1988, was 29 days late.

On June 3, 1988, petitioners commenced the within proceeding pursuant to General Municipal Law § 50-e (5) moving for

---

* Parco apparently lost portions of his liver and intestines and required substantial surgery.

leave to file a late notice of claim. The IAS court denied the motion on the grounds that they failed to adequately explain the delay in filing the notice of claim, that the City did not have actual notice of the claim and that the case was meritless.

Without passing comment on the merits of the case, we are nevertheless of the view that it was an improvident exercise of discretion for the IAS court to deny the motion. Under General Municipal Law § 50-e (5), a court may, in its discretion, extend the time to serve a notice of claim, which is ordinarily 90 days. (See, General Municipal Law § 50-e [1] [a].) The purpose of this statute is to empower courts to evaluate requests for an exemption from the 90-day filing requirement by striking an " 'equitable balance * * * between a public corporation's reasonable need for prompt notification of claims against it and an injured party's interest in just compensation.' " (Heiman v City of New York, 85 AD2d 25, 28 [1st Dept 1982], quoting Camarella v East Irondequoit Cent. School Bd., 34 NY2d 139, 142-143 [1974].)

The statute (§ 50-e [5]) clearly enumerates factors which, "[i]n determining whether to grant the extension, the court shall consider in particular". These include, inter alia, (1) "whether the public corporation" acquired actual knowledge of the essential facts constituting the claim within the time specified "or within a reasonable time thereafter" (emphasis added); (2) "relevant facts and circumstances, including: whether the claimant was * * * physically incapacitated"; and (3) "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits."

It is readily apparent from the record, and conceded by respondent, that the City acquired actual knowledge of the essential facts constituting the claim by virtue of the fact that the Department of Sanitation was on full and immediate notice of the incident, which was reported not only within the Department, but in the public press. In addition, the Crime Victims Bureau and the Department of Sanitation were in contact, as exhibited by the employment questionnaire filled out by the Department for the Crime Victims Bureau.

Thus, the first criterion level was unquestionably satisfied. (See, e.g., Heredia v City of New York, 141 AD2d 473, 474 [1st Dept 1988] [allowing a late notice of claim to be served after 14 months where several 911 calls prior to the incident constituted notice to City]; Swensen v City of New York, 126

AD2d 499, 500-501 [1st Dept 1987] [holding it was an abuse of discretion not to allow plaintiff to file a late notice of claim 10 months after the incident, where the line-of-duty report furnished the City and the Department with actual knowledge of the essential facts constituting petitioner's claim]; *Matter of Gerzel v City of New York,* 117 AD2d 549, 550-551 [1st Dept 1986] [claimant permitted to file seven months after accident, where City acquired actual knowledge by reason of accident reports and photographs].) We are, in any event, not disturbed by the 29-day delay, which we hold to be a "reasonable time" as contemplated by the statute.

We also note that Parco's injuries were of a life-threatening nature, and convince us that he was "physically incapacitated" for more than the nine days he was hospitalized. Indeed, his claim that he was incapacitated for some two months is, at the very least, plausible.

Finally, we are mindful of respondent's "hesita[tion] to urge that the City has been 'substantially prejudiced' * * * where * * * plaintiff's claim [is] so palpably meritless." Regardless of the merit, or lack thereof, of petitioner's claims, the City has failed to show substantial prejudice caused by the late notice. *(Matter of Gerzel v City of New York,* 117 AD2d, *supra,* at 551.) Certainly it cannot be claimed that the information available to the City is substantially different than it would have been had the notice of claim been filed 29 days earlier, particularly in view of the press coverage, as well as the reports filed, in this case. *(Swensen v City of New York,* 126 AD2d, *supra,* at 500-501.) Neither can it be asserted that petitioner's claims are fraudulent.

In the case at bar substantial justice requires that petitioner be permitted to litigate this claim on the merits. Accordingly, we reverse the order appealed from and grant the motion. Concur—Sullivan, J. P., Carro, Milonas, Rosenberger and Smith, JJ.