■ MARIANA MENDEZ et al., Individually and as Parents and Natural Guardians of LADY MENDEZ, an Infant, Respondents, v CITY OF NEW YORK et al., Appellants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Levine, J.), dated December 11, 1989, as granted the infant plaintiff's application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was born at the city-owned Cumberland Hospital in April 1982 where it is claimed the defendants committed malpractice which caused her to suffer mental retardation and quadriplegia. Shortly after her birth, she was transferred to Brooklyn Caledonian Hospital, which released her in May 1982 although she continued to be seen at its pediatric and neurologic clinic until July 1983.

Evidently believing that both hospitals were owned and operated by the defendant New York City Health and Hospitals Corp. (hereinwith NYCHHC), the plaintiff's former attorneys in March 1983 served a notice of claim directed at the New York City Comptroller but delivered to Brooklyn Caledonian Hospital. Upon commencement of the instant action in July 1983 the municipal defendants appeared, interposed an answer containing no reference to the failure to timely and properly serve a notice of claim, conducted a hearing (see, General Municipal Law § 50-h), and engaged in disclosure. The action was certified ready for trial and a trial date was fixed. However, the plaintiffs then retained new counsel, who realized that Brooklyn Caledonian Hospital was not owned or operated by the defendants and who therefore made an application on the plaintiff's behalf for leave to serve a late notice of claim. The Supreme Court granted the application with respect to the infant plaintiff.

Although the reason for the original errors in identifying Brooklyn Caledonian Hospital as a public corporation and in attributing its continuous treatment to the defendants remain unexplained, the record nonetheless demonstrates that, by virtue of the hospital records maintained at the city-owned

and operated hospital where it is claimed the malpractice took place, the defendants have throughout been on notice of the essential facts constituting the infant plaintiff's causes of action *(see,* General Municipal Law § 50-e [5]; *see also, Matter of Quiroz v City of New York,* 154 AD2d 315; *Rechenberger v Nassau County Med. Center,* 112 AD2d 150). Moreover, the defendants' answer admitted receipt of the notice of claim and there is no showing that the defendants, who have defended against this litigation since its inception eight years ago, have been prejudiced by the delay in serving the notice *(see, Matter of Quiroz v City of New York, supra).* Under the circumstances, there is no basis for disturbing the Supreme Court's exercise of discretion. Kunzeman, J. P., Harwood, Eiber and Balletta, JJ., concur.