OPINION OF THE COURT
Louis B. York, J.
This is an action for malicious prosecution stemming from an arrest of the plaintiff by two Transit Authority police officers. Plaintiff moves to compel compliance with a previously served notice of deposition. Defendant cross-moves to dismiss on the *577 ground that plaintiff did not comply with a notice for a statutory hearing on his notice of claim or in the alternative to compel plaintiff to appear for such statutory hearing. Because I find that the notice for the statutory hearing was served untimely more than two years after the service of the notice of claim, I deny defendant’s motion in toto and grant plaintiff’s motion to compel the defendants’ attendance for their depositions.
The incident in question occurred on July 6, 1988, but it was not until January 1989 that the charges against the plaintiff were dismissed. Shortly thereafter, on February 28, 1989, plaintiff filed a notice of claim. Five months after that, on July 18, 1989, plaintiff sued the New York City Transit Authority Police Department, the New York City Transit Authority and the two officers. On July 31, 1989, defendant served its answer along with a demand for a bill of particulars, a number of discovery demands and a notice to take plaintiff’s deposition. On February 14, 1990, plaintiff served a notice to take defendants’ depositions. That order has not yet been complied with. On March 6, 1991, more than two years after the service of the notice of claim, defendant served a demand and notice of oral examination upon plaintiff pursuant to Public Authorities Law § 1212. Plaintiff refused to appear.
Defendant argues that its demand for an oral examination derives from section 1212 (4) and (5) of the Public Authorities Law which contains no time limit for the making of such demand. It argues that plaintiff’s refusal to comply with the demand requires dismissal or at the very least that plaintiff be ordered to attend at such hearing. Plaintiff contends that failure to have served the demand for the statutory hearing before expiration of the 90-day waiting period applicable to the filing of the notice of claim constitutes a waiver. Plaintiff fulfilled the specific requirements of Public Authorities Law § 1212 by waiting 30 days from the filing of the notice of claim to commence the action and instituted the action within the one-year and 90-day limitation period of the statute. He should not now be forced to comply with a stale demand for an oral hearing.
Unlike section 50-h (2) of the General Municipal Law, nothing in the Public Authorities Law places a specific time limit on the oral hearing defendant may demand under Public Authorities Law § 1212 (5). Neither side has presented the court with authority in either direction as to the unfettered *578 discretion of a public authority defendant to demand such a hearing at any time in the proceeding. Nevertheless, despite the absence of a limitation period in Public Authorities Law § 1212 (5), I am convinced that the making of the demand under the facts in this action — more than two years after the notice of claim was filed — was untimely. A large public corporation such as defendant has a substantial need for prompt notification of claims against it. (Parco v City of New York, 160 AD2d 581 [1st Dept 1990].) The purpose of the notice of claim and oral hearing established by the Public Authorities Law is to allow prompt investigation to determine the facts and the evidence pertaining to the claim. (Matter of Ziecker v Town of Orchard Park, 70 AD2d 422 [4th Dept 1979], affd 51 NY2d 957 [1980]; Matter of Powell v Town of Gates, 36 AD2d 220 [4th Dept 1971].) Another salutary purpose of the procedure is to enable public agencies to pass upon the merits of the claim before litigation, thereby diminishing the need for further litigation in such cases. (Alford v City of New York, 115 AD2d 420 [1st Dept 1985], affd in part, appeals dismissed in part 67 NY2d 1019.)
Holding the statutory hearing now will not preserve any facts which could have been uncovered before the litigation. Nor will it assist in assessing the merits of the claim before the commencement of litigation and thus possibly avoid the need for litigation. Litigation is in progress. There is nothing that can now be accomplished by this statutory hearing at this time that could not be duplicated by holding depositions under the CPLR. I am convinced that the purpose of demanding this hearing at this juncture is nothing more than procedural manipulation that will do nothing to substantively advance the resolution of this action on the merits. The cross motion is denied in its entirety. The plaintiffs motion to compel defendants’ attendance pursuant to plaintiffs notice of deposition is granted. The deposition shall take place on August 12, 1993 at the time and place set forth in such notice.
Motion costs are assessed against defendants in the sum of $50.