■ Robert Bordereaux, on Behalf of Himself and All Others Similarly Situated, Appellant, v Salomon Smith Barney Holdings, Inc., et al., Respondents. [703 NYS2d 112] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 14, 1999, dismissing plaintiff's complaint, and bringing up for review an order, same court and Justice, entered April 8, 1999, which granted defendants' motion pursuant to CPLR 3211 to dismiss the complaint, unanimously affirmed, without costs. Appeal from the aforesaid order entered April 8, 1999, unanimously dismissed, without costs, as subsumed within the appeal from the ensuing judgment.

Plaintiff, an HBO & Company (HBO) shareholder, brought this action, allegedly on behalf of similarly situated HBO

shareholders, to recover damages for defendants' premature disclosure of a pending merger between HBO and McKesson Corporation. He alleges that, in consequence of defendants' premature disclosure, HBO's stock plummeted in value and the proposed merger with McKesson was aborted, resulting in further loss of opportunities and benefits to HBO. The claims asserted by plaintiff, however, clearly belong to the corporation, and, accordingly, may only be asserted derivatively (*Abrams v Donati*, 66 NY2d 951, 953). Plaintiff has alleged no facts to justify permitting him to proceed with this lawsuit except on the corporation's behalf (*cf., Hammer v Werner*, 239 App Div 38), and, in particular, may not, as a shareholder, claim third-party beneficiary status under the consulting agreement between defendant Salomon Smith Barney and HBO, which, by its terms, explicitly stated that defendant investment group's duty under the engagement was to the corporation alone (*see, Fitzpatrick Constr. Corp. v County of Suffolk*, 138 AD2d 446, 449-450, *lv denied in part and dismissed in part* 73 NY2d 807). Thus, any alleged intention to give the shareholders an enforceable right of action is negated (*see, Artwear, Inc. v Hughes*, 202 AD2d 76, 81-84).

Plaintiff's additional arguments have been considered and found unavailing. Concur—Sullivan, J. P., Ellerin, Buckley and Friedman, JJ.