■ In the Matter of BALTIA AIR LINES, INC., Appellant, v CIBC OPPENHEIMER CORP. et al., Respondents. [709 NYS2d 54] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 13, 1999, which denied plaintiff's motion pursuant to CPLR 3217 (b) for leave to voluntarily discontinue this action without prejudice, and granted defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously affirmed, with costs.

This action arises from the disruption of the scheduled initial public offering of the securities of plaintiff, a start-up airline, which resulted from the refusal by defendant CIBC Oppenheimer Corp. (Oppenheimer), the exclusive clearing agent for plaintiff's underwriter (Hornblower), to clear transactions for

the offering. To the extent the complaint is based on the contention that Oppenheimer's refusal to clear transactions in securities issued by plaintiff constituted a breach of the clearing agreement between Oppenheimer and Hornblower, plaintiff has no standing to sue for such alleged breach as a third-party beneficiary of the clearing agreement, the express terms of which negate any implication of third-party beneficiary rights (*see, Bordereaux v Salomon Smith Barney Holdings*, 269 AD2d 217, 218, citing *Fitzpatrick Constr. Corp. v County of Suffolk*, 138 AD2d 446, 449-450, *lv denied in part and dismissed in part* 73 NY2d 807). In any event, Oppenheimer's refusal to clear transactions in securities issued by plaintiff was authorized by the clearing agreement, which expressly entitled Oppenheimer to refuse to execute particular transactions and to prohibit Hornblower from underwriting particular securities. Hornblower's disclosure to plaintiff of its clearing relationship with Oppenheimer, as required by the clearing agreement, did not give rise to a contract or promissory estoppel between plaintiff and Oppenheimer, since the disclosure, which is alleged to have been substantially in the form of an attachment to the clearing agreement, did not include any clear and unambiguous promise by Oppenheimer to clear any particular transaction or group of transactions, and did not spell out any specific performance by a prospective customer that would create a contract between that customer and Oppenheimer. The omission of the disclosure of the clearing relationship to state that Oppenheimer had the right to refuse to clear any particular transaction was not fraudulent, since nothing in the alleged disclosure was expressly or implicitly inconsistent with Oppenheimer having such a right, and no facts are alleged that could have given rise to a duty obligating Oppenheimer to disclose to plaintiff that it had such a right under the clearing agreement.

We reject plaintiff's remaining arguments concerning the legal sufficiency of the complaint. We note that plaintiff has failed to identify any breach by Hornblower of its underwriting agreement with plaintiff that could support a cause of action against Oppenheimer for tortious interference with contract (*see, e.g., Snyder v Sony Music Entertainment*, 252 AD2d 294, 299). With regard to plaintiff's arguments concerning the Securities Exchange Act of 1934, as amended (15 USC § 78a *et seq.* [the Exchange Act]), any claim for violation of the Exchange Act is subject to the exclusive jurisdiction of the Federal courts (*see*, 15 USC § 78aa), and plaintiff's argument that the provision of the clearing agreement barring enforcement by third parties is void as contrary to the Exchange Act is unsupported by citation of any provision of the Act or regulations promul-

gated thereunder inconsistent with such contractual provision. Finally, plaintiff's motion to discontinue the action without prejudice was correctly denied, since such relief was plainly sought in order to avoid an adverse decision on the merits (*see, NBN Broadcasting v Sheridan Broadcasting Networks*, 240 AD2d 319). Concur—Tom, J. P., Wallach, Rubin, Saxe and Buckley, JJ.