[840 NYS2d 25]

Shanice Pearson, an Infant, by Her Mother and Natural Guardian, Michelle Pearson, Respondent, v New York City Health and Hospitals Corporation (Harlem Hospital Center) et al., Appellants.

First Department, June 5, 2007

**APPEARANCES OF COUNSEL**

*Michael A. Cardozo, Corporation Counsel,* New York City (*Drake A. Colley* and *Edward F.X. Hart* of counsel), for municipal appellant.

*Leahey & Johnson, P.C.,* New York City (*Peter James Johnson, Jr., Peter James Johnson, James P. Tenney* and *Joanne Filiberti* of counsel), for Morgan appellants.

*Fitzgerald & Fitzgerald, P.C.,* Yonkers (*John M. Daly, John E. Fitzgerald, Eugene S.R. Pagano* and *Deborah Pearl Henkin* of counsel), for respondent.

**OPINION OF THE COURT**

ANDRIAS, J.

■ Plaintiff's failure to offer an excuse for her six-month

delay in serving a notice of claim on behalf of her infant daughter, who was born on December 2, 2000 and received well baby care at Harlem Hospital until August 7, 2003, should not, by itself, deprive the infant of her day in court (*see Matter of Ansong v City of New York*, 308 AD2d 333, 334 [2003]; *Matter of Dubowy v City of New York*, 305 AD2d 320 [2003]). While a delay of service caused by infancy would make a more compelling argument to justify allowing late service of a notice of claim, the lack of a causative nexus, while perhaps making a delay less excusable, is not fatally deficient. "It all goes into the mix" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]). Thus, as summarized by the Court in *Williams*, "The statute [General Municipal Law § 50-e (5)] now contains a nonexhaustive list of factors that the court should weigh, and compels consideration of all relevant facts and circumstances. This approach provides flexibility for the courts and requires them to exercise discretion" (*id.* at 539). Since the statute is remedial in nature, it should be liberally construed (*Dubowy*, 305 AD2d at 321).

The motion court properly took into account the pertinent statutory considerations, "including the simple fact of infancy" (*Williams*, 6 NY3d at 538), that it would be "unfair and unjust" (2006 NY Slip Op 30197[U], *6) to deprive the infant of a remedy based on her mother's ignorance of the law, and defendant's possession of medical records affording it actual knowledge of the essential facts constituting the claim that it negligently failed to perform a risk assessment or provide anticipatory guidance for lead poisoning, and the consequent absence of prejudice, stemming from the late notice, to its ability to defend against the claim (General Municipal Law § 50-e [5]; *see Moody v New York City Health & Hosps. Corp. [Renaissance Health Care Network]*, 29 AD3d 395 [2006]; *De La Cruz v New York City Health & Hosps. Corp.*, 13 AD3d 130 [2004]; *Mendez v City of New York*, 176 AD2d 311, 312 [1991]). While the dissent asserts that defendant was prejudiced by plaintiff's delay in seeking to serve a late notice of claim until almost two years after the infant's last appointment at Harlem Hospital, it neglects to note that plaintiff served a notice of claim, albeit without leave of the court, on February 20, 2004, just over six months after her daughter's last appointment.

Finally, there is evidence in the record that the elevated blood lead levels shown in the infant plaintiff are known to cause brain injury affecting neuropsychological development, but that the full extent of such injury cannot be evaluated until

a child is seven years old. In view of this evidence, plaintiff's motion for a voluntary discontinuance without prejudice was not an attempt to evade the consequences of an adverse order on defendants' pending motions for summary judgment (*cf. Matter of Baltia Air Lines v CIBC Oppenheimer Corp.*, 273 AD2d 55, 57 [2000], *lv denied* 95 NY2d 767 [2000]). Given defendants' failure to show that they will be prejudiced, the court providently exercised its discretion in dismissing the complaint without prejudice to renewal before January 1, 2008, when the infant plaintiff will be eight years old (*Louis R. Shapiro, Inc. v Milspemes Corp.*, 20 AD2d 857 [1964]).

Accordingly, the judgment of the Supreme Court, New York County (Eileen Bransten, J.), entered February 16, 2006, which granted plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim and deemed the notice of claim served on the Health and Hospitals Corporation, and order, same court and Justice, entered January 13, 2006, which granted plaintiff's motion pursuant to CPLR 3217 for leave to voluntarily discontinue the action without prejudice to renewal before January 1, 2008 and dismissed the complaint without prejudice, should be affirmed, without costs.

McGuire, J. (dissenting in part). I disagree with the majority's conclusion that Supreme Court properly granted that aspect of plaintiff's motion seeking leave to serve a late notice of claim on New York City Health and Hospitals Corporation (NYCHHC) and denied NYCHHC's cross motion to dismiss the complaint as against it. Accordingly, I dissent in part.

Between April 2001 and August 2003, the infant was seen at NYCHHC for routine pediatric checkups. The lead level in the infant's blood was checked on six occasions—June 18, 2001, March 19, 2002, March 28, 2002, May 23, 2002, January 7, 2003 and August 7, 2003—by personnel of NYCHHC. On four of these occasions an elevated level of lead was detected.

On June 14, 2004, plaintiff, the infant's mother and natural guardian, commenced this action against, among others, NYCHHC. Plaintiff asserted that NYCHHC was negligent in failing to "implement proper screening protocols . . . for the operation . . . of its health care facility" and in failing properly to train and supervise its employees. Over one year later plaintiff moved for leave to serve a late notice of claim on NYCHHC. The proposed notice asserted that personnel at NYCHHC failed properly to monitor and screen the level of lead in the infant's blood and failed to provide anticipatory guidance

regarding the hazards of lead paint to plaintiff. NYCHHC opposed the motion and cross-moved to dismiss the complaint on the ground that plaintiff had failed to serve a notice of claim. While the motion and cross motion were sub judice, plaintiff moved to discontinue the action without prejudice subject to renewal before January 1, 2008. Supreme Court granted plaintiff's motion for leave to serve a late notice of claim, denied the cross motion of NYCHHC and granted the separate motion of plaintiff for leave to discontinue the action. On appeal, NYCHHC asserts, among other things, that Supreme Court erred in granting plaintiff's motion for leave to serve a late notice of claim. The Morgan defendants, owners of a building in which the infant used to reside and in which plaintiff claims the infant was exposed to lead paint, challenge the granting of the motion to discontinue the action.

In determining a motion for leave to serve a late notice of claim, the court must consider whether: (1) the claimant is an infant, (2) a reasonable excuse for the failure to serve the notice of claim within the statutory time frame was proffered, (3) the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (4) the delay would substantially prejudice the municipality in its defense (*Seymour v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 21 AD3d 1025, 1026 [2005]; *see* General Municipal Law § 50-e [5]). The presence or absence of any one factor is not determinative (*Matter of Semyonova v New York City Hous. Auth.*, 15 AD3d 181 [2005]).

Here, plaintiff offered no excuse for her failure to serve a timely notice of claim, and there is no indication that the delay in seeking leave to serve a late notice was the product of either the infant's age (i.e., no nexus between the infancy and the delay) or the need to provide the infant with extraordinary care (*see Matter of Troutman v Syracuse Hous. Auth.*, 35 AD3d 1252 [2006]; *Matter of Nieves v New York Health & Hosps. Corp.*, 34 AD3d 336 [2006]; *Matter of Rios v Westchester County Healthcare Corp.*, 32 AD3d 540 [2006]). Moreover, NYCHHC did not acquire actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter. Plaintiff's assertion that NYCHHC did have such knowledge is based upon NYCHHC's creation and retention of the medical records generated during the infant's pediatric checkups. The medical records, however, do not indicate that the personnel at NYCHHC, by acts or omissions, caused any injury to the infant.

As the Court of Appeals stated in *Williams v Nassau County Med. Ctr.* (6 NY3d 531 [2006]):

"Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury on plaintiff . . . .

"The relevant inquiry is whether the hospital had actual knowledge of the facts—as opposed to the legal theory—underlying the claim. Where, as here, there is little to suggest injury attributable to malpractice . . . , comprehending or recording the facts surrounding the [medical care rendered] cannot equate to knowledge of facts underlying a claim" (*id.* at 537; *see Nieves, supra*; *Lucero v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 33 AD3d 977 [2006]; *Ocasio v New York City Health & Hosps. Corp. [Morrisania Neighborhood Family Care Ctr.]*, 14 AD3d 361 [2005]).

Additionally, NYCHHC was prejudiced by plaintiff's delay in seeking leave to serve a late notice of claim. Almost two years elapsed after the infant's last appointment at NYCHHC before plaintiff sought leave to serve a late notice of claim. This delay impaired NYCHHC's ability promptly to investigate plaintiff's claim and defend this action (*see Nieves, supra* [one-year delay prejudicial]; *Rios, supra* [13-month delay prejudicial]). This prejudice is particularly significant because NYCHHC did not have actual knowledge of the essential facts within 90 days after the claim arose or a reasonable time thereafter (*Williams*, 6 NY3d at 539 [proof that defendant had actual knowledge of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter is an important factor in determining whether defendant is prejudiced]).

I do not of course base my conclusion that Supreme Court erred in granting plaintiff's motion to serve a late notice of claim solely on plaintiff's failure to offer a reasonable excuse. Tellingly, the majority does not address the above-quoted language from *Williams* regarding the insufficiency of the mere creation and retention of medical records to establish the knowledge of a defendant of the essential facts of a claim. In addition, the majority wrongly suggests that NYCHHC was not prejudiced by plaintiff's almost two-year delay in seeking leave to serve a late notice of claim. The linchpin in this suggestion is that

plaintiff served a late notice of claim without leave of court approximately six months after the infant's last appointment. It is well settled, however, that a late notice of claim served without leave of court is a nullity (*Mack v City of New York*, 265 AD2d 308, 309 [1999], *lv denied* 94 NY2d 763 [2000] ["plaintiffs may not rely on (belatedly served) notice of claim to establish actual knowledge, since it was served without leave of court and was therefore a nullity"]; *see Palagashvili v City of New York*, 26 AD3d 481 [2006]; *Wall v Erie County*, 26 AD3d 753 [2006]; *Pierre v City of New York*, 22 AD3d 733 [2005]; *Wollins v New York City Bd. of Educ.*, 8 AD3d 30 [2004]; *Kokkinos v Dormitory Auth. of State of N.Y.*, 238 AD2d 550 [1997]; *Chikara v City of New York*, 10 AD2d 862 [1960], *appeal dismissed* 8 NY2d 1014 [1960]). Thus, the majority faults me for "neglect[ing] to note" a legal nullity.

Accordingly, Supreme Court erred in granting plaintiff's motion for leave to serve a late notice of claim and the cross motion of NYCHHC to dismiss the complaint as asserted against it should have been granted.

I find no basis, however, to disturb the order granting plaintiff's separate motion for leave to discontinue the action without prejudice to renewal insofar as it pertains to the Morgan defendants. The determination of a motion for leave to discontinue an action without prejudice pursuant to CPLR 3217 (b) rests within the sound discretion of the trial court (*Mathias v Daily News*, 301 AD2d 503, 504 [2003], citing *Tucker v Tucker*, 55 NY2d 378, 383 [1982]). Here, no "special circumstances" (*Tucker*, 55 NY2d at 383) exist which would necessitate the denial of the motion. "There is no outstanding court order in favor of the [Morgan defendants] which would be frustrated by the discontinuance . . . [T]he matter [has not] proceeded through a trial on the merits" (*Zuckerman v Zuckerman*, 105 AD2d 782, 783 [1984] [citations omitted]; *see Kaplan v Village of Ossining*, 35 AD3d 816 [2006]; *Hirschfeld v Stahl*, 242 AD2d 214 [1997]), and no counterclaim has been interposed by the Morgan defendants against plaintiff (*see Aison v Hudson Riv. Black Riv. Regulating Dist.*, 279 AD2d 754 [2001]). Plaintiff did not seek the discontinuance to evade the consequences of an adverse decision on the Morgan defendants' pending motion for summary judgment (*cf. Matter of Baltia Air Lines v CIBC Oppenheimer Corp.*, 273 AD2d 55 [2000], *lv denied* 95 NY2d 767 [2000]). Rather, at Supreme Court's suggestion, plaintiff sought to discontinue the action because the full extent of the infant's

alleged brain injury cannot be evaluated until she is seven years old. Neither the delay in the resolution of this action nor the expense the Morgan defendants incurred in preparing their defense is sufficient to warrant denying plaintiff's motion for a discontinuance (*see Eugenia VI Venture Holdings, Ltd. v Maple-Wood Equity Partners, L.P.*, 38 AD3d 264 [2007]; *Zuckerman, supra*).

MAZZARELLI, J.P., and MALONE, J., concur with ANDRIAS, J.; FRIEDMAN and McGUIRE, JJ., dissent in part in a separate opinion by McGUIRE, J.

Judgment, Supreme Court, New York County, entered February 16, 2006, and order, same court, entered January 13, 2006, affirmed, without costs.