█ PATRICK SULLIVAN et al., Appellants, v ATLANTIC PARATRANSIT OF N.Y.C., INC., et al., Respondents, et al., Defendant. [862 NYS2d 62]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated May 29, 2007, which granted the motion of the defendants Atlantic Paratransit of N.Y.C., Inc., and Julio C. Ramirez pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Atlantic Paratransit of N.Y.C., Inc., and Julio C. Ramirez to dismiss the complaint insofar as asserted against them is denied.

This action was commenced as a result of an automobile accident involving the plaintiff Patrick Sullivan and a vehicle registered to and leased by the defendant Atlantic Paratransit of N.Y.C., Inc. (hereinafter Atlantic), and owned by the New York City Transit Authority (hereinafter the NYCTA). The vehicle was driven by the defendant Julio C. Ramirez. The defendants Atlantic and Ramirez (hereinafter the respondents) moved to dismiss the complaint insofar as asserted against them arguing that since Atlantic leased the vehicle from the NYCTA, the statute of limitations that applied to them was the shortened statute of limitations afforded the Metropolitan Transportation Authority (hereinafter the MTA) pursuant to Public Authorities Law § 1276. The parties do not dispute that this action was commenced a little more than two years after the accident.

In reply to the opposition of the plaintiffs to the motion to dismiss, the respondents annexed a lease between Atlantic and the NYCTA. Pursuant to the terms of this agreement the NYCTA leased vehicles to Atlantic for one dollar per year. Atlantic was to register the vehicles in its name but title was to remain in the name of the NYCTA.

Public Authorities Law § 1276 (1) and (2) provide a statute of limitations of one year and 30 days for a tort action commenced against the MTA (*see Burgess v Long Is. R.R. Auth.*, 79 NY2d 777, 779 [1991]). This statute provides that, except with respect to the filing of a notice of claim, its provisions extend to subsidiary corporations of the MTA (*see* Public Authorities Law § 1276 [6]). The statute of limitations for negligence actions brought against the NYCTA is one year and 90 days (*see* Public Authorities Law § 1212 [2]). There is no provision in this statute extending the statute of limitations for the NYCTA to a subsidiary corporation.

The respondents failed to establish that Public Authorities Law § 1276 (1) and (2) apply to this action and therefore, did

not meet their burden of establishing, prima facie, that the time in which to sue had expired (*see Savarese v Shatz*, 273 AD2d 219 [2000]). The only evidence the respondents submitted in their original moving papers was a copy of the summons and complaint and a computer document purportedly from the Department of Motor Vehicles which set forth that title of the vehicle was held by the NYCTA. The respondents did not submit any evidence that Atlantic is a subsidiary corporation of the MTA. Public Authorities Law § 1266 (5) requires that "the directors or members of each such subsidiary corporation of the authority corporation shall be the same persons holding the offices of members of the [MTA]." Atlantic did not establish that its directors or members are the same as those directors or members who serve as the MTA. Ramirez did not deny that he was employed by Atlantic and did not claim to be an employee of the MTA or the NYCTA.

Contrary to the respondents' contention, the statute does not provide that it applies to "agents" of the MTA or the NYCTA. Public Authorities Law § 1212, which applies to the NYCTA, does not extend to subsidiary corporations or agents. Accordingly, the respondents' motion should have been denied. Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.