■ CESAR LAGUNA et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [902 NYS2d 88]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered September 2, 2009, which, inter alia, granted leave to serve a late notice of claim to plaintiffs infant and mother of the infant, unanimously affirmed, without costs.

The infant's father allegedly sustained injuries on July 26, 2007 as a result of an assault and robbery while in an elevator on defendant's premises; the infant allegedly sustained post-traumatic stress disorder (PTSD) as a result of witnessing the assault on his father; and the infant's mother allegedly sustained damages as a result of losing the infant's services and incurring medical expenses on his behalf. After the father served a timely notice of claim on October 23, 2007, and after a complaint was filed on or about September 5, 2008 naming the infant and the mother as well as the father as plaintiffs, the infant and mother moved in late January 2009 for leave to serve a late notice of claim. According to the mother, the infant's injuries did not begin to manifest until January 2008 and were not diagnosed until March 2008. It also appears that on January 30, 2008, the father testified at his General Municipal Law § 50-h hearing that the child was with him on the elevator; on July 24, 2008, prior to the September 2008 filing of the complaint, the mother served a notice of claim on behalf of the infant and herself alleging the child's injury and her damages but, concerned that the notice was defective, replaced it with a substantively identical notice of claim served on September 12, 2008, immediately after the filing of the complaint; and a section 50-h hearing was held for the mother on October 27, 2008, at which she gave detailed testimony regarding the infant's

claims. The order on appeal deemed the September 12, 2008 notice of claim timely served nunc pro tunc.

Leave to serve the September 12, 2008 notice of claim was properly granted even assuming that the alleged post-90-day first manifestation of illness and subsequent diagnosis of PTSD do not excuse the subsequent 10-to-12-month delay in moving for leave, and that this subsequent delay was not, in any "factually demonstr[able]" way (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538 [2006]), caused by infancy. Indeed, we would grant leave even if the infant's injuries had immediately manifested themselves. It would be " 'unfair and unjust' to deprive the infant of a remedy based on [his] mother's ignorance of the law" (*Pearson v New York City Health & Hosps. Corp. [Harlem Hosp. Ctr.]*, 43 AD3d 92, 94 [2007], *affd* 10 NY3d 852 [2008]), where the father's timely notice of claim gave defendant actual knowledge of the essential facts constituting the infant's and mother's claims of negligent maintenance of building security (*see Heredia v City of New York*, 141 AD2d 473 [1988]), defendant had actual notice of the infant's and mother's claims of injuries and damages within a reasonable time after the 90-day period (*see Weiss v City of New York*, 237 AD2d 212, 213 [1997] [late notice of claim served without leave provided City with actual knowledge of essential facts]; *Pearson*, 43 AD3d at 94 [same]), and defendant fails to explain why, as it claims, the delay has prejudiced its ability to investigate the infant's medical history (*see Heredia*, 141 AD2d 473). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Manzanet-Daniels, JJ.