■ ANN FREDRICKSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [927 NYS2d 913]—

Although petitioner failed to submit medical evidence to support her contention of physical incapacitation, the lack of a reasonable excuse for failing to serve a timely notice of claim is not determinative (see Matter of Ansong v City of New York, 308 AD3d 333, 334 [2003]). Petitioner averred that she reported the essential facts of her accident to respondent's management office within three days of her trip and fall. Accordingly, the court had a basis for finding that respondent acquired actual knowledge of the essential facts constituting the claim within the statutorily prescribed time period or a reasonable time thereafter (see General Municipal Law § 50-e [5]). Further, respondent has not shown that it was prejudiced by petitioner's eight-month delay in seeking leave to serve a late notice of claim (see Laguna v New York City Hous. Auth., 74 AD3d 498, 499 [2010]). Indeed, there is no evidence of any witnesses to petitioner's accident. Nor is there any contention that the step upon which petitioner allegedly tripped has changed from the date of her accident. Concur—Sweeny, Freedman and Manzanet-Daniels, JJ.

Saxe, J.P., and Catterson, J., dissent in a memorandum by Catterson, J., as follows: I concur with the majority that the rec-

ord contains no proof whatsoever that petitioner was so incapacitated by her injuries that she was incapable of contacting an attorney so that a timely notice of claim could be filed. (*See e.g. Matter of Rivera v New York City Hous. Auth.*, 25 AD3d 450, 451 [1st Dept 2006].) However, I disagree with the majority's view that respondent "acquired actual knowledge of the essential facts constituting the claim," and so I must respectfully dissent.

Petitioner's vague and unsubstantiated allegation that she reported her accident to "the woman behind the window" is plainly insufficient to satisfy plaintiff's burden of proving that respondent acquired actual knowledge. (*Matter of Barzaga v New York City Hous. Auth.*, 204 AD2d 163, 164 [1st Dept 1994] ["(t)he vague and unsubstantiated allegation that the condition was reported to the building superintendent some days after the accident is insufficient to warrant granting the relief sought"]; *see Lopez v New York City Hous. Auth.*, 193 AD2d 473 [1st Dept 1993].) Even if one were to credit petitioner's claimed reporting, there is nothing on the record that establishes that respondent had sufficient information that put respondent on notice that a claim would be filed.