■ DOUGLAS FROST, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. [30 NYS3d 899]—

In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Metropolitan Transportation Authority Bus Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), entered January 30, 2014, as denied those branches of their motion, made with the defendant Metropolitan Transportation Authority, which were pursuant to CPLR 3211 (a) (2) and (7) to dismiss the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants New York City Transit Authority, Metropolitan Transportation Authority Bus Company, and Metropolitan Transportation Authority which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant New York City Transit Authority, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the motion of the defendants New York City Transit Authority (hereinafter the NYCTA) and Metropolitan Transportation Authority Bus Company (hereinafter the MTA Bus Company; hereinafter together the appellants), made with the defendant Metropolitan Transportation Authority, which was pursuant to CPLR 3211 (a) (2) and (7) to dismiss the complaint insofar as

asserted against the MTA Bus Company. In support of that branch of their motion, the appellants argued that the plaintiff failed to serve a notice of claim upon the MTA Bus Company as required by Public Authorities Law § 1276 (2). However, that section does not apply to the MTA Bus Company (*see* Public Authorities Law § 1276 [6]; *Sullivan v Atlantic Paratransit of N.Y.C., Inc.*, 52 AD3d 817, 818 [2008]). The Supreme Court correctly declined to consider the appellants' arguments relating to Public Authorities Law § 1276 (1), which they raised for the first time in their reply papers (*see Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc.*, 111 AD3d 776, 777 [2013]; *Matter of Allstate Ins. Co. v Dawkins*, 52 AD3d 826, 826-827 [2008]).

However, the Supreme Court should have granted that branch of the motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the NYCTA. The evidentiary material submitted by the appellants, which was not refuted by the plaintiff, established that the NYCTA did not own or operate the bus involved in the subject incident (*see* CPLR 3211 [a] [7]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see also Ruffino v New York City Tr. Auth.*, 55 AD3d 817, 819 [2008]; *cf. Rampersaud v Metropolitan Transp. Auth. of the State of N.Y.*, 73 AD3d 888, 888 [2010]).

The parties' remaining contentions are without merit. Rivera, J.P., Austin, Roman and Cohen, JJ., concur.