| |
|---|
| **Matter of Khan v Metropolitan Transp. Auth.** |
| 2024 NY Slip Op 31075(U) |
| April 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159185/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**        PART        56M

*Justice*

---------------------------------------------------------------------------------X

In the Matter of

MUHAMMAD KHAN and CRESCENT ADMINISTRATIVE
SERVICES, INC.,

                Petitioners,

            - v -

METROPOLITAN TRANSPORTATION AUTHORITY, MTA
BUS COMPANY, and NEW YORK CITY TRANSIT
AUTHORITY,

                Respondents.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159185/2023 |
| MOTION DATE | 11/08/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION, ORDER, AND
JUDGMENT**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25

were read on this motion to/for          LEAVE TO FILE LATE NOTICE OF CLAIM   .

In this proceeding pursuant to General Municipal Law § 50-e, the petitioner seeks leave to serve a late notice of claim upon the Metropolitan Transportation Authority (MTA), MTA Bus Company (MTA Bus), and New York City Transit Authority (NYCTA) in connection with a July 30, 2022 motor vehicle accident that occurred on Chrystie Street in Manhattan, near its intersection with East Houston Street. The respondents oppose the petition. The petition is granted.

Service of a notice of claim upon the MTA in accordance with Public Authorities Law § 1276(2) and General Municipal Law § 50-e is a condition precedent to the commencement of a tort action against it (*see Jacobs v Metropolitan Transp. Auth.,* 180 AD3d 657, 658 [2d Dept 2020]). MTA Bus is a subsidiary of the MTA (*see Rampersaud v Metropolitan Transp. Auth. of State of N.Y.,* 73 AD3d 888, 888 [2d Dept 2010]). Although there is no requirement that such a notice of claim be served as a condition to a tort action against an MTA subsidiary such as MTA Bus (*see* Public Authorities Law § 1276[6]; *Frost v New York City Tr. Auth.,* 140 AD3d 695, 696

**159185/2023   KHAN, MUHAMMAD ET AL vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**
**Motion No.  001**

              **Page 1 of 7**

[2d Dept 2016]; *Stampf v Metropolitan Transp. Auth*. 57 AD3d 222, 222 [2d Dept 2008]), that subsection requires that a demand be made upon MTA Bus, and that any complaint include an allegation that more than 30 days had lapsed since presentation of the demand and that the demand had not been satisfied or adjusted. Similarly, service of a notice of claim upon NYCTA in accordance with Public Authorities Law § 1212(2) and General Municipal Law § 50-e is a condition precedent to the commencement of a tort action against it (*see Castro-Castillo v City of New York,* 78 AD3d 406, 406 [1st Dept 2010]). Nonetheless,

> "[t]he 1976 amendments to section 50-e of the General Municipal Law permit a court to grant an application to file a late notice of claim after the commencement of the action but preclude the court from granting an extension which would exceed 'the time limited for the commencement of an action by the claimant against the public corporation' (L 1976, ch 745, § 2 [now General Municipal Law, § 50-e, subd 5 ]). That means that the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled"

(*Pierson v City of New York*, 56 NY2d 950, 954 [1982]). Thus, where a claimant seeks leave to serve a late notice of claim, and the application is made after the applicable limitations period has lapsed, the court is without authority to consider the motion or petition (*see Preston v Janssen Pharmaceuticals., Inc.*, 171 AD3d 572, 572-573 [1st Dept 2019]; *Young v New York City Health & Hosps. Corp.,* 147 AD3d 509, 509 [1st Dept 2017]; *see also Townsend v City of New York*, 173 AD3d 809, 810 [2d Dept 2019]; *Chtchannikova v City of New York*, 138 AD3d 908, 909 [2d Dept 2016]). Here, however, the petitioner commenced this proceeding on September 14, 2023 (*see* CPLR 304[a]; *Matter of New York Cent. Mut. Fire Ins. Co. v Gordon*, 46 AD3d 1296, 1298 [3d Dept 2007]) and, thus, within the applicable 1-year-and-90-day limitations period of General Municipal Law 50-i(1). The proceeding is thus timely.

General Municipal Law § 50-e(1)(a) requires that service of a notice of claim must be effectuated within 90 days after the claim arises, unless extended by the court. The petitioners alleged that the subject incident occurred on July 30, 2022, at which time a bus owned by the respondents and operated by an employee of one or more of the respondents negligently

**159185/2023    KHAN, MUHAMMAD ET AL vs. METROPOLITAN TRANSPORTATION AUTHORITY                Page 2 of 7
ET AL
Motion No.  001**

[* 2]                                                                    2 of 7

collided with a vehicle operated by the petitioner Muhammed Khan and owned by the petitioner Crescent Administrative Service, Inc. (Crescent). Inasmuch as the 90-day period applicable here lapsed on October 28, 2022, the petitioners, in the absence of a court-authorized extension of time, would had to have served the notice of claim by that date. Inasmuch as the petitioners failed to do so, leave to extend that period of time is required. In support of their application, the petitioners alleged that, on August 29, 2022---less than 30 days after the subject accident---they served a notice of claim upon both the MTA and NYCTA in connection with Crescent's property damage claim, asserting that:

> "[t]he Claimants vehicle, a 2018 Toyota Camry Hybrid LE Taxi, license plate # T746715C, was driving straight on Chrystie Street in their lane at the time of the incident, when the Metropolitan Transit Authority Vehicle, a Transit Bus license plate # AV7784, driven by Ronald Mitchell, was making a left turn and failed to properly stay in their lane and struck the claimants vehicle in the process causing damage to the driver's side rear and wheel of the claimants vehicle. The damage to the claimant's vehicles is mostly to the Driver's side Rear of the vehicle - Rear Door, Quarter Panel, Rear Bumper, Rear Lamp and others in total of $8,342.33 in damages. See attached estimate."

The notice of claim, which was submitted on a standard NYCTA property damage notice of claim form, expressly identified Khan as the driver of Crescent's vehicle. The petitioners argued that, not only did the respondents obtain actual notice of the facts underlying the basis for a negligence claim by virtue of their timely receipt of the property damage notice of claim, but that they knew of Khan's personal injury claim on the date of the accident because their employees appeared at the scene and investigated the incident, while the police report for which their employees provided information reflected that Khan was taken from the scene by ambulance to Mount Sinai/Beth Israel Hospital. The petitioners argued that they had a reasonable excuse for their failure timely to serve a notice of claim with respect to Khan's physical injuries because, due to law office failure, they inadvertently served only a property damage notice of claim, rather than an omnibus property damage/personal injury notice of claim.

In considering a request to extend the time for service of a notice of claim,

**159185/2023 KHAN, MUHAMMAD ET AL vs. METROPOLITAN TRANSPORTATION AUTHORITY ET AL**
**Motion No. 001**

Page 3 of 7

3 of 7

"the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted"

(General Municipal Law § 50-e[5]). The court must also consider whether there was a reasonable excuse for the delay in service the notice of claim (*see Matter of Kelley v New York City Health & Hosps. Corp.*, 76 AD3d 824 [1st Dept 2010]; *see also Matter of Grajko v City of New York*, 150 AD3d 595 [1st Dept 2017]). In addition, the court must assess whether the delay in service substantially prejudiced the public corporation's ability to defend on the merits (*see Rivera v City of New York*, 169 AD2d 387 [1st Dept 1991]).

No one factor articulated in the statute is determinative (*see Perez v New York City Health & Hosps. Corp*., 81 AD3d 448, 448 [1st Dept 2011]), "and since the notice statute is remedial in nature, it should be liberally construed" (*id.*; *see Pearson v New York City Health & Hosps. Corp. [Harlem Hosp. Ctr.]*, 43 AD3d 92, 94 [1st Dept 2007], *affd* 10 NY3d 852 [2008]; *see also Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]). In fact, even "[t]he lack of a reasonable excuse for failing to serve a timely notice of claim is not determinative" (*Matter of Meacham v New York City Health & Hosps. Corp.,* 77 AD3d 570, 570 [1st Dept 2010]). The most important factor is whether the public corporation, its attorney, or its insurer acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter (*see Matter of Gasperetti v Metropolitan Transp. Auth.,* 169 AD3d 564 [1st Dept 2019]; *Matter of Felice v Eastport/South Manor Cent. School Dist*., 50 AD3d 138 [2d Dept 2008]). Thus, although the petitioners' excuse of law office failure is not a reasonable excuse for failing to timely serve a notice of claim, the failure to proffer a reasonable excuse is

**159185/2023   KHAN, MUHAMMAD ET AL vs. METROPOLITAN TRANSPORTATION AUTHORITY          Page 4 of 7
ET AL
Motion No.  001**

4 of 7

[* 4]

not alone fatal to their application for leave to serve a late notice (*see Colarossi v City of New York*, 118 AD3d 612, 612 [1st Dept 2014]; *Walker v City of New York*, 46 AD3d 278, 281 [1st Dept 2007]).

General knowledge that a wrong has been committed is not enough to satisfy the actual knowledge requirement (*see Matter of Devivo v Town of Carmel*, 68 AD3d 991 [2d Dept 2009]; *Matter of Wright v City of New York*, 66 AD3d 1037 [2d Dept 2009]).

> "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves"

(*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 148; *see Matter of Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d 672 [2016]; *Iglesias v Brentwood Union Free Sch. Dist.*, 118 AD3d 785 [2d Dept 2014]).

> "[K]nowledge of the accident itself and the seriousness of the injury does not satisfy this enumerated factor where those facts do not also provide the public corporation with knowledge of the essential facts constituting the claim"

(*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 155; *see Horn v Bellmore Union Free Sch. Dist.*, 139 AD3d 1006 [2d Dept 2016]).  Knowledge of facts that merely suggest the possibility of liability is insufficient, as a claimant must demonstrate the municipal or public corporation's actual knowledge of the tortious acts or omissions that allegedly injured the claimant (*see Matter of Townson v New York City Health & Hosps. Corp.*, 158 AD3d 401 [1st Dept 2018]; *see also Matter of Wally G. v. New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d at 677).

As the Appellate Division, First Department, has observed, General Municipal Law § 50-e (5) "should not operate as a device to defeat the rights of persons with legitimate claims" (*Matter of Annis v New York City Tr. Auth.*, 108 AD2d 643, 644 [1st Dept 1985]).  Here, any contention that the respondents lacked actual knowledge of the accident, the time it occurred, the place it occurred, or the nature of the claim against it, either within the 90-day period or

**159185/2023   KHAN, MUHAMMAD ET AL vs. METROPOLITAN TRANSPORTATION AUTHORITY        Page 5 of 7**
**ET AL**
**Motion No.  001**

5 of 7

within a reasonable time thereafter, is refuted by the fact that the petitioners provided them with precisely that actual notice when they served the property damage notice of claim upon the MTA and NYCTA on August 29, 2022. Thus, the MTA and NYCTA acquired actual knowledge of the essential facts underlying the basis for a negligence claim against them within the relevant 90-day period. The court recognizes that the mere participation of a municipal or public employee in the underlying tortious activity, or the municipality's or public benefit corporation's possession of records, are insufficient, in and of themselves, to establish their actual knowledge of relevant facts (*see Matter of Jaime v City of New York*, _____ NY3d_____, 2024 NY Slip Op 01581 [Mar. 21, 2024]). Nonetheless, the petitioners have demonstrated that the respondents' actual investigation of the accident, and their receipt of a timely notice of claim describing the accident in detail, coupled with their possession of the police accident report, constitute proof that they obtained actual knowledge of the facts underlying Khan's personal injury claim within 90 days of the accident. In any event, the petitioners' service of a late, albeit unauthorized, personal injury notice of claim on August 13, 2023, gave further notice of the underlying facts thereof to the respondents within a "reasonable time" after the lapse of the 90-day period.

Although the court concludes that petitioners failed to articulate a reasonable excuse for failing timely to serve the personal injury notice of claim in the first instance (*see Matter of Smith v Westchester County Health Care Corp.,* 165 AD3d 1150, 1151 [2d Dept 2018] ["petitioner failed to demonstrate through admissible medical evidence that [s]he was incapacitated to such an extent that [s]he could not have complied with the statutory requirement to serve a timely notice of claim"]), the respondents

> "ha[ve] failed to make a particularized showing that the delay caused it substantial prejudice . . . and, in any event, a lack of a reasonable excuse is not, standing alone, sufficient to deny an application for leave to serve and file a late notice of claim"

(*Matter of Jaime v City of New York*, 205 AD3d 544, 544-545 [1st Dept 2022], *revd other grounds* _____NY3d_____, 2024 NY Slip Op 01581 [Mar. 21, 2024]). The court thus concludes

**159185/2023   KHAN, MUHAMMAD ET AL vs. METROPOLITAN TRANSPORTATION AUTHORITY**       **Page 6 of 7**
**ET AL**
**Motion No.  001**

[* 6]

that, upon weighing all of the relevant factors, the petition should be granted (*see Matter of Meacham v New York City Health & Hosps. Corp.,* 77 AD3d at 570; *Pearson v New York City Health & Hosps. Corp. [Harlem Hosp. Ctr.]*, 43 AD3d at 93; *Matter of Carter v City of New York*, 2023 NY Slip Op 30837[U], *3-4, 2023 NY Misc LEXIS 1186, *5 [Sup Ct, N.Y. County, Mar. 20, 2023] [Kelley, J.]).

The court notes that "the statute of limitations is tolled during the pendency of an application to extend the time to serve a notice of claim" (*Matter of Dougherty v County of Greene,* 161 AD3d 1253, 1254 [3d Dept 2018]; *see Matter of Stevenson v County of Monroe*, 63 NY2d 963, 965 [1984]; *Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 74 [1984]; *Cody v Village of Lake George*, 177 AD2d 921, 922 [3d Dept 1991]).

Accordingly, it is,

ORDERED and ADJUDGED that the petition is granted, and the petitioners' time to serve an omnibus personal injury/property damage notice of claim upon the respondents is extended so that the petitioners' proposed notice of claim, as uploaded to the New York State Court Electronic Filing system as Docket Entry No. 19, is deemed to have been timely served upon the respondents as of the date of entry of this decision, order, and judgment.

This constitutes the Decision, Order, and Judgment of the court.

| _____4/1/2024_____ | | | | _____ | |
| DATE | | | | JOHN J. KELLEY, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**159185/2023   KHAN, MUHAMMAD ET AL vs. METROPOLITAN TRANSPORTATION AUTHORITY**     Page 7 of 7
**ET AL**
**Motion No.  001**

7 of 7